William **MAHAFFEY, et al., Appellants,**

v.

**BECHTEL ASSOCIATES PROFESSIONAL CORPORATION, D.C., et al.**

No. 82–1210.

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 6, 1983.

Decided Jan. 25, 1983.

Michelle A. Parfitt, Washington, D.C., with whom Wayne M. Mansulla, Washington, D.C., was on the brief, for appellants.

James W. Greene, Washington, D.C., with whom Gary W. Brown and Catherine H. Lesica, Washington, D.C., were on the brief, for appellees.

Before WRIGHT, MacKINNON, and GINSBURG, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

William and Margaret Mahaffey commenced two virtually identical personal injury actions based on a construction accident in which William Mahaffey was struck by falling rock and debris while working on the METRO subway system. Both actions named as sole defendants Bechtel Associates Professional Corporation, D.C., and Bechtel Civil and Minerals, Inc. The first action, commenced January 29, 1981, was filed in the Superior Court for the District of Columbia. The second, commenced the next day, was filed in the United States District Court for the District of Columbia. On January 29, 1982, the District Court dismissed the federal action without prejudice based on the prior commencement of the District of Columbia Superior Court action and the trial date already fixed for that action.

The Mahaffeys' claims against the Bechtel corporations arise under District of Columbia law and present no federal question. Federal court jurisdiction has been invoked on the basis of the parties' diverse citizenship and it appears that the requisite complete diversity exists.

■ When federal jurisdiction predicated upon diversity of citizenship is properly asserted, the prior commencement of an action in a local court may justify abatement of the federal action. However, a stay, not a dismissal, of the federal action, is generally the appropriate method to achieve this result. *See Carr v. Grace*, 516 F.2d 502 (5th Cir.1975); 1A J. Moore, W. Taggart, A. Vestal & J. Wicker, Moore's Federal Practice ¶ 0.203[4] (2d ed. 1982). Dismissal, even if ordered "without prejudice," as it was here, does not stop the clock on the time within which an action must be commenced. A stay, by contrast, permits resumption of the federal action, without risk of a time bar, in the event that the local action is dismissed voluntarily or otherwise terminates without a final adjudication on the merits.

Plaintiffs in this case have a statutory right to invoke federal jurisdiction. 28 U.S.C. § 1332; *see Meredith v. Winter Haven*, 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9 (1943). The case does not fall within the narrowly circumscribed category in which, despite a statutory basis for federal jurisdiction, extraordinary factors warrant confining adjudication to a nonfederal forum. *See Colorado River Conservation District v. United States*, 424 U.S. 800, 817–19, 96 S.Ct. 1236, 1246–1247, 47 L.Ed.2d 483 (1976). Plaintiffs do not have a right actively to pursue parallel state and federal actions simultaneously. Ordinarily, however, considerations of judicial economy are appropriately served by staying one of the actions while the other progresses. *See Weiner v. Shearson, Hammill & Co.*, 521 F.2d 817, 821 (9th Cir.1975). A stay in this case will effectively conserve court resources

while avoiding premature rejection of the litigants' access, as specified by statute, to a federal forum.

On the eve of argument of this appeal, the parties informed the panel that the District of Columbia Superior Court, in the parallel action, has granted the Bechtel corporations' motion for summary judgment dismissing the complaint. That judgment, however, has been appealed to the District of Columbia Court of Appeals. If the Superior Court's disposition is affirmed on appeal, or if the appeal is abandoned, the local judgment will preclude any further pursuit of the Mahaffeys' claims against the Bechtel corporations. Such claim preclusion would necessitate dismissal of the federal action against the Bechtel corporations with prejudice.

The judgment dismissing this action without prejudice is reversed and the case is remanded with a direction to stay, rather than dismiss, the action during the pendency of the parallel action in the District of Columbia courts. If the Mahaffeys' appeal to the District of Columbia Court of Appeals is unsuccessful, the Bechtel corporations will be entitled to a judgment dismissing the federal action with prejudice.

*Reversed and remanded.*