848 F.2d 1016
 47 Ed. Law Rep. 122
 Renee C. OLLIE, Plaintiff-Appellant,
v.
Don G. RIGGIN In his individual capacity, and as
Superintendent of Highland School District Number
203; and Highland School District
Number 203, Defendants-Appellees.
 No. 87-3735.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 5, 1988.
Decided June 13, 1988.
 
 Eric T. Nordlof, General Counsel, Public School Employees of Washington, Pacific, Wash., for plaintiff-appellant.
 John Gavin, Michael W. Leavitt, Gavin, Robinson, Kendrick, Redman & Pratt, Yakima, Wash., for defendants-appellees.
 Appeal from the United States District Court for the Eastern District of Washington.
 Before BROWNING, Chief Judge, NORRIS and O'SCANNLAIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Renee C. Ollie appeals the district court's grant of summary judgment for the defendants on the grounds of res judicata and collateral estoppel. We vacate the district court judgment and remand to the district court with instructions to stay the case pending final disposition of Ollie's state action.
 
 FACTS AND PROCEEDINGS
 
 2
 Ollie had been a teacher aide for Highland School District No. 203, Cowiche, Washington ("HSD"); Riggin is the superintendent of HSD. Riggin dismissed Ollie for causing disruption among the school staff.
 
 
 3
 Ollie appealed to the HSD Board of Directors, which affirmed her dismissal. She then simultaneously (1) appealed under Wash.Rev.Code Sec. 28A.88.010 to a state trial court, and (2) filed this civil rights action in federal court under 42 U.S.C. Sec. 1983. The state court found Ollie's discharge justified. This occurred before the district court heard her federal claim. Ollie appealed the state judgment to the Washington Court of Appeals, which reversed the trial court judgment and remanded for a new trial. Riggin has appealed that decision to the Washington Supreme Court; it is still pending.
 
 
 4
 On Riggin's motion for summary judgment on the federal claim, the district court held that Ollie was precluded by res judicata and collateral estoppel because the trial in superior court had given her a full opportunity to litigate the issues. This timely appeal followed.
 
 DISCUSSION
 
 5
 It is clear that Ollie has two simultaneous actions proceeding to judgment in two courts that have concurrent jurisdiction over her claims. 42 U.S.C. Sec. 1983 (concurrent jurisdiction in state and federal courts for civil rights cases).
 
 
 6
 Plaintiffs do not have the right actively to pursue parallel state and federal actions simultaneously. See Mahaffey v. Bechtel Assoc., 699 F.2d 545, 546 (D.C.Cir.1983). We find it appropriate in this case, while the outcome of the state case is pending, to stay the federal action. Weiner v. Shearson, Hammill & Co., 521 F.2d 817, 822 (9th Cir.1975).
 
 
 7
 We order a stay of the federal action because, at the present time, there is no Washington state court judgment upon which we can apply res judicata. We note that we must apply Washington state preclusion law. Migra v. Warren City School Dist. Bd. of Ed., 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984). However, Washington law is unclear on the res judicata effects of a vacated judgment from which there is a pending appeal.[1] Therefore, we cannot be sure what the Washington courts would do in this situation.[2]
 
 
 8
 When confronted with a similar situation, the Third Circuit followed the Fifth Circuit and ordered a stay. Bailey v. Ness, 733 F.2d 279, 282 (3d Cir.1984) (quoting Occidental Life Ins. Co. v. Nichols, 216 F.2d 839, 841 (5th Cir.1954)). In the face of uncertain state law, this result avoids the possibility that res judicata would be misapplied.
 
 
 9
 Ollie's federal action would have been precluded, of course, had there been a final state judgment on the merits upon which res judicata could have been applied.[3] "Section 1983 ... does not override state preclusion law and guarantee petitioner a right to proceed to judgment in state court on her state claims and then turn to federal court for adjudication of her federal claims." Migra, 465 U.S. at 85, 104 S.Ct. at 898.
 
 CONCLUSION
 
 10
 We vacate the district court judgment and remand to the district court with instructions to stay further proceedings until final disposition of the case in all of the available state courts, or until the appeals are time-barred in state court.
 
 
 11
 VACATED and REMANDED.
 
 
 
 [1]
 There is Washington law on the res judicata effect of the pendency of an appeal. Riblet v. Ideal Cement Co., 57 Wash.2d 619, 621, 358 P.2d 975, 977 (1961) (pendency of an appeal "does not suspend or negate the res judicata aspects of a judgment entered after trial in the superior courts"). There is no Washington law on the res judicata effect of a vacated judgment pending appeal
 
 
 [2]
 It is possible that they would follow our rule, which holds that a reversed or dismissed judgment cannot serve as the basis for a disposition on the grounds of res judicata. Ornellas v. Oakley, 618 F.2d 1351, 1356 (9th Cir.1980)
 
 
 [3]
 We note that this applies only to situations where, as here, plaintiffs file simultaneous actions in state and federal courts