Dort ATTWOOD, Plaintiff–Appellant,

v.

MENDOCINO COAST DISTRICT HOS-PITAL, a Public Local Hospital District; Dorel Freeman, an Individual; Bud T. D'Arezzo, an Individual; Morris Boynoff, an Individual; Dan Belli, an Individual; Elizabeth Irwin, an Individual; R. Camille Ranker Hathaway, an Individual, Defendants–Appellees.

No. 88–2776.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 10, 1989.

Decided Sept. 22, 1989.

Deborah S. Ballati, C. Brandon Wisoff, Farella, Braun & Martel, San Francisco, Cal., for plaintiff-appellant.

David C. Culver, Corbett & Kane, Emeryville, Cal., for defendants-appellees.

Before WALLACE and NOONAN, Circuit Judges, and DWYER,* District Judge.

WALLACE, Circuit Judge:

Attwood appeals from the district court's dismissal of her action arising from her termination by Mendocino Coast District Hospital (the Hospital). Relying on *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) (*Colorado River*), the district court declined to exercise its jurisdiction because of ongoing duplicative state court litigation. Attwood does not contest the district court's deference to the state proceedings, but does challenge the decision to dismiss rather than stay her action. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We reverse the order of dismissal, and remand to the district court with instructions to enter an order staying further proceedings pending completion of the state lawsuit.

---

* Honorable William L. Dwyer, United States District Judge, Western District of Washington, sitting by designation.

## I

While on disability leave for a high-risk pregnancy, Attwood resigned from her job as director of the Hospital's Human Resources Department. Both her state and federal actions arise from this "resignation." Attwood alleges that Freeman, the Hospital administrator, threatened to fire her and terminate all medical benefits immediately if she did not resign within 24 hours. If she agreed to resign, she would receive medical benefits for six months. Attwood submitted a letter of resignation stating that she had no choice but to resign due to the threatened loss of benefits. The letter expressly reserved her "right to due process."

After exhausting her administrative remedies, Attwood filed a complaint in state court against the Hospital, Freeman, and Doe defendants. The complaint contained claims for tort and contract relief as well as a claim for deprivation of property without due process in violation of the United States and California Constitutions.

Shortly before the expiration of the one year limitations period following her "resignation," Attwood decided to name the Hospital's board members as defendants, and to add a 42 U.S.C. § 1983 claim premised on the deprivation of her property interest in her job without due process. The defendants refused Attwood's request for a stipulation permitting these amendments to her state court complaint. Attwood then pursued two courses of action. In the state court, she filed motions to substitute the board members' names for Doe defendants in her original complaint and to file an amended complaint containing the new section 1983 claim. Attwood also filed, but did not serve, an action in federal court naming as defendants the Hospital, Freeman, and the individual board members. The federal complaint contained the same tort, contract, and due process claims as the state court complaint, and added the section 1983 claim.

The state court denied Attwood's motions to substitute the board members for the Doe defendants and to add the section 1983 claim. The court held that the re-quest was tardy pursuant to California Code of Civil Procedure section 474 and that the proposed section 1983 claim "fails to state a claim against the Defendants and is a sham." After the state court denied her motions, Attwood then served her federal complaint on the defendants, including the board members. Citing *Colorado River,* the defendants then moved to dismiss or stay the federal court action pending resolution of the state court action. The district court dismissed Attwood's action without prejudice. This appeal followed.

The notice of appeal was filed prematurely. While the district court entered its "Memorandum and Order" dismissing the action on April 27, 1988, it did not enter its judgment on a separate paper pursuant to Fed.R.Civ.P. 58 until December 20, 1988. Attwood filed her notice of appeal nearly seven months before on May 27, 1988. However, Fed.R.App.P. 4(a)(2) provides that with certain exceptions not applicable here, we must treat a notice of appeal "filed after the announcement of a decision or order but before the entry of the judgment or order" as timely. We thus have jurisdiction to consider Attwood's premature but timely appeal.

## II

The issue before us is narrow, but a question of first impression in this circuit: when a district court declines to exercise its jurisdiction under *Colorado River,* may it dismiss the action without prejudice or must the court merely stay it? The Supreme Court has twice reserved this question. *Arizona v. San Carlos Apache Tribe,* 463 U.S. 545, 570 n. 21, 103 S.Ct. 3201, 3215 n. 21, 77 L.Ed.2d 837 (1983) (*San Carlos Apache Tribe*); *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 28, 103 S.Ct. 927, 943, 74 L.Ed.2d 765 (1983) (*Cone*).

We review as a matter of law the question whether the district court must stay or may dismiss an action when it declines to exercise its jurisdiction under *Colorado River.* Matters of law are reviewed independently. *See United States v. McConney,* 728 F.2d 1195, 1201 (9th Cir.) (en

banc), *cert. denied,* 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

The *Colorado River* doctrine is an exception to "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Colorado River,* 424 U.S. at 817, 96 S.Ct. at 1246. Thus, it should be invoked only in exceptional circumstances. *Cone,* 460 U.S. at 19, 103 S.Ct. at 938–39; *Colorado River,* 424 U.S. at 818, 96 S.Ct. at 1246–47. Although this doctrine is sometimes referred to as an abstention doctrine, the Supreme Court has rejected this categorization. *See Cone,* 460 U.S. at 14–15, 103 S.Ct. at 936–37; *Colorado River,* 424 U.S. at 817, 96 S.Ct. at 1246; *Nakash v. Marciano,* 882 F.2d 1411, 1415 n. 5 (9th Cir.1989) (amended Aug. 23, 1989) (*Nakash* ) ("the Supreme Court has flatly rejected this [abstention] categorization"); 17A C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4247 at 150–51 (2d ed. 1988). Unlike abstention, which rests on "regard for federal-state relations" and "considerations of proper constitutional adjudication," *Colorado River* rests on "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Colorado River,* 424 U.S. at 817, 96 S.Ct. at 1246, *quoting Kerotest Manufacturing Co. v. C–O–Two Fire Equipment Co.,* 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952) (*Kerotest* ); *see also Cone,* 460 U.S. at 14–15, 103 S.Ct. at 936–37. The Supreme Court and this circuit have identified and explained how to apply a nonexclusive list of relevant criteria for determining whether exceptional circumstances exist to justify invoking *Colorado River. See Cone,* 460 U.S. at 15–16, 19–27, 103 S.Ct. at 936–37, 938–43; *Nakash,* 882 F.2d at 1415–16; *American International Underwriters (Philippines), Inc. v. Continental Insurance Co.,* 843 F.2d 1253, 1257 (9th Cir. 1988).

In a case where a district court invokes *Colorado River,* it makes no difference to the state proceeding whether the federal action is stayed or dismissed.

[A] stay is as much a refusal to exercise federal jurisdiction as a dismissal. When a district court decides to dismiss or stay under *Colorado River,* it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all. Thus, the decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses.

*Cone,* 460 U.S. at 28, 103 S.Ct. at 943. (citations omitted). For purposes of appellate jurisdiction, a stay under *Colorado River* is as much a final, appealable order as a dismissal under that doctrine. *See id.* at 8–10, 103 S.Ct. at 932–34.

By conceding that the district court correctly invoked *Colorado River,* Attwood has agreed that beyond "any substantial doubt," the parallel state court proceedings will provide complete and prompt resolution of the issues in her case. *See id.* at 28, 103 S.Ct. at 943. The purpose of her appeal is to ensure that if for some reason the state forum turns out to be inadequate, the federal court will remain open to her. Otherwise, she fears, expiration of the statute of limitations may bar her return to federal court, and thus neither the state court nor the federal court will reach the merits of all her claims.

We hold that the district court should have stayed rather than dismissed Attwood's action. This holding ensures that the federal forum will remain open if "for some unexpected reason the state forum does turn out to be inadequate." *Cone,* 460 U.S. at 28, 103 S.Ct. at 943.

The Supreme Court has strongly hinted that invocation of *Colorado River* is contingent on keeping the federal forum open if necessary. *See San Carlos Apache Tribe,* 463 U.S. at 570 n. 21, 103 S.Ct. at 3215 n. 21 ("resort to the federal forum should remain available if warranted"); *Cone,* 460 U.S. at 28, 103 S.Ct. at 943 ("It is highly questionable whether this Court would

have approved a dismissal of a federal suit in *Colorado River* (or in any of the abstention cases) if the federal courts did not remain open to a dismissed plaintiff who later demonstrated the inadequacy of the state forum.") (citation omitted). The Court has never approved a dismissal under *Colorado River* where plaintiffs were foreclosed from returning if necessary to federal court. *Cf. San Carlos Apache Tribe,* 463 U.S. at 570 n. 21, 103 S.Ct. at 3215 n. 21. We have, on at least one occasion, affirmed a dismissal under *Colorado River,* but this decision predated *Cone* and *San Carlos Apache Tribe;* in addition, the issue of whether a stay would have been preferable apparently was never raised. *See State of Idaho ex rel. Moon v. State Board of Examiners,* 567 F.2d 858, 859–60 (9th Cir.), *cert. denied,* 438 U.S. 915, 98 S.Ct. 3144, 57 L.Ed.2d 1160 (1978); *see also Tovar v. Billmeyer,* 609 F.2d 1291, 1293 (9th Cir.1980) *(Tovar)* (pre-*Cone* decision stating in dictum that dismissal properly considered when *Colorado River* test met).

Ninth Circuit cases predating *Colorado River* are consistent with our view. *See Weiner v. Shearson, Hammill & Co.,* 521 F.2d 817, 820–21 (9th Cir.1975) *(Weiner); Shareholders Management Co. v. Gregory,* 449 U.S. 326, 327 (9th Cir.1971). The Seventh and District of Columbia Circuits' cases are also consistent with our holding. *See Rosser v. Chrysler Corp.,* 864 F.2d 1299, 1308–09 (7th Cir.1988) *(Rosser); Mahaffey v. Bechtel Associates Professional Corp.,* 699 F.2d 545, 546–47 (D.C.Cir.1983) *(Mahaffey); Evans Transportation Co. v. Scullin Steel Co.,* 693 F.2d 715, 717–18 (7th Cir.1982) *(Evans).*

Our conclusion is supported by the "considerations of '[w]ise judicial administration'" which underlie the *Colorado River* doctrine, *Colorado River,* 424 U.S. at 817, 96 S.Ct. at 1246; *quoting Kerotest,* 342 U.S. at 183, 72 S.Ct. at 221, as well as "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Id.* A stay, like a dismissal, avoids the waste of judicial resources from duplicative litigation in two courts. *See Weiner,* 521 F.2d at 820; *see also Rosser,*

864 F.2d at 1309; *Mahaffey,* 699 F.2d at 546–47; *Evans,* 693 F.2d at 718. Indeed, the choice of a stay rather than a dismissal will have no practical effect if all issues are in fact resolved by the state proceeding. *See Board of Education of Valley View v. Bosworth,* 713 F.2d 1316, 1322 (7th Cir. 1983) *(Bosworth).* Where those issues are not resolved, however, only a stay ensures that the federal court will meet its "unflagging duty" to exercise its jurisdiction, *see Colorado River,* 424 U.S. at 817, 96 S.Ct. at 1246, in case the state proceedings do not reach the expected resolution. *Lumen Construction, Inc. v. Brant Construction Co.,* 780 F.2d 691, 698 (7th Cir.1985). Thus, unlike a dismissal, a stay avoids the risk that the federal plaintiff will be time-barred from reinstating the federal suit. *Id.; Bosworth,* 713 F.2d at 1322; *Evans,* 693 F.2d at 717–18. In this way, a stay "will effectively conserve court resources while avoiding premature rejection of the litigants' access ... to a federal forum." *Mahaffey,* 699 F.2d at 546–47.

A stay may be especially appropriate in cases involving section 1983 claims. When rights are asserted under section 1983, federal courts' "unflagging obligation" to exercise their jurisdiction is "particularly weighty." *Tovar,* 609 F.2d at 1293.

A stay also makes it unnecessary to predict how the course of the state proceeding will interact with the federal dismissal to affect the statute of limitations in federal court. This avoids unnecessarily or prematurely reaching speculative and difficult questions of state preclusion and limitations law. By using a stay, a district court invoking *Colorado River* will not need to make premature and speculative legal findings about the preclusive effect of various possible state judgments in choosing between a stay and a dismissal. Reviewing courts, meanwhile, will likewise avoid such issues in reviewing the district court's decision to invoke *Colorado River.*

Attwood is particularly concerned with the section 1983 claim which she attempted to add to her state court complaint. The state court appears to have rejected her section 1983 claim on procedural grounds

and on the merits—a decision whose preclusive effect in federal court would be determined under California preclusion law. *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 81, 85, 104 S.Ct. 892, 898, 79 L.Ed.2d 56 (1984). At oral argument, the parties informed us that Attwood's remaining state court claims have not yet even come to trial. Attwood points out that the state court section 1983 decision could be reversed before trial and is subject to review in the state appellate courts, and is therefore subject to change. Hypothetically, Attwood suggests, the state appellate court could decide that the trial court erred as a matter of law in rejecting her section 1983 claim on the merits, but acted within its discretion in denying the motion to add the section 1983 claim to her complaint.

Attwood's hypothetical suggestion raises difficult questions of state procedural law, res judicata, and statute of limitations. Neither party has a clear idea whether, should this hypothetical situation come to pass, Attwood would be time-barred (or otherwise barred) from presenting her section 1983 claim in federal court.

It may be that in this particular case, the state proceedings, while proving inadequate to resolve Attwood's claims, would toll the statute of limitations for her section 1983 action under California's doctrine of equitable tolling. *See Ervin v. Los Angeles County*, 848 F.2d 1018, 1019–20 (9th Cir.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 1125, 103 L.Ed.2d 187 (1989); *Bacon v. City of Los Angeles*, 843 F.2d 372, 374 (9th Cir.1988) (*Bacon*); *Addison v. State*, 21 Cal.3d 313, 319–21, 146 Cal.Rptr. 224, 227–28, 578 P.2d 941, 943–45 (1978). "Whether the statute is tolled in section 1983 cases is determined by state law not inconsistent with federal policy." *Bacon*, 843 F.2d at 374. If we were to affirm the district court's dismissal, and Attwood subsequently attempted to return to federal court, the parties would then be likely to litigate whether California's equitable tolling doctrine preserves Attwood's section 1983 claim. We cannot say with certainty which party would prevail. It would be unwise for us to attempt to answer this

question prematurely, without even knowing the final judgment of the state proceedings, let alone other variables relevant to the equitable tolling inquiry. *Cf. Ollie v. Riggin*, 848 F.2d 1016, 1017–18 (9th Cir. 1988). Yet to review the choice between a stay and dismissal would require us to engage in precisely this type of speculation. We conclude it would be inappropriate to do so.

The Hospital contends that we should not condone what it characterizes as blatant "forum-shopping" by Attwood. As a general matter, we do not encourage forum-shopping, nor do we view the encouragement of forum-shopping as consistent with the principles of " '[w]ise judicial administration' " which underlie *Colorado River. Colorado River*, 424 U.S. at 817, 96 S.Ct. at 1246, *quoting Kerotest*, 342 U.S. at 183, 72 S.Ct. at 221. Indeed, we have indicated that forum-shopping is an appropriate factor to consider in deciding whether to invoke *Colorado River. Nakash*, 882 F.2d at 1416–17. *Colorado River* helps combat forum-shopping by providing a mechanism for avoiding duplicative litigation. Where there is concurrent jurisdiction, however, it is permissible for a plaintiff to file parallel state and federal actions simultaneously. *Rutledge v. Arizona Board of Regents*, 859 F.2d 732, 736 (9th Cir.1988).

It may be that the state proceedings will provide complete resolution of Attwood's claims and it will be unnecessary to proceed further in federal court. That should occur in most cases where *Colorado River* is invoked, and thus *Colorado River* tends to limit the benefits a party might receive from forum-shopping. If, for some unexpected reason, that complete resolution does not occur, it would not be forum-shopping to try the unresolved claims in federal court. On the contrary, in such cases the act of filing in federal court is anything but forum-shopping, since the federal forum is used only if the state forum unexpectedly proves inadequate. Thus our holding protects only those parties who are *not* forum-shopping.

We reverse the district court's order dismissing Attwood's action and remand to

the district court with instructions to enter an order staying the action pending the completion of the state proceedings.

REVERSED AND REMANDED.