COOPERS & LYBRAND,
Plaintiff–Appellant,

v.

SUN–DIAMOND GROWERS OF CA; Sun–Maid Growers of CA; Diamond Walnut Growers Inc.; William C. Hosie; Robert J. Graves; William C. Anderson; Gerald L. Barton; Earl Perez; Frank Riser; George Schmidt; Herbert Carriere; Kent Land; Roderick W. Minkler; William Waggershauser; Harry Fallconer; Don Aluisi; James E. Hamilton; Joseph E. Smith, Jr.; Louis Mangini; Fred Vogel; Morgan H. Johnson; George Kaufman; Earl R. Rocca; David J. Estermann; Donald A. Rosendahl; Arnold Arnst; Alex MacDonald, Jr.; David M. Wilkins; Henry A. Klamm; Hugh M. Marshall, Jr.; Joseph A. Van Gundy; E. Paul Ellberg; Pete J. Penner; Robert A. Saak; James R. Perry; Charles T. Yerxa; Donald J. Vossler; Fred A. Shaeffer; Earl Giacolini; H. Peter Faye; M. R. Burton; Addison Clark, Jr.; Robert Carstens; Richard Chooljian; Robert McCauley; Barry F. Kriebelk; Francis R. Light; William K. Dabney; Fred D. Allen, Jr.; Raymond George; Howard B. Webb; Arthur G. Meola, Defendants/Appellees.

No. 89–15890.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 19, 1990.

Decided Aug. 30, 1990.

Franklin B. Gowdy, Brobeck, Phleger & Harrison, San Francisco, Cal., for plaintiff-appellant.

Robert W. Fischer, Jr., Dewey, Ballantine, Bushby, Palmer & Wood, Robert E. Hinerfeld, Manatt, Phelps & Phillips, Los Angeles, Cal., for defendants-appellees.

Before ALARCON and POOLE, Circuit Judges and WATERS,* District Judge.

ALARCON, Circuit Judge:

Coopers & Lybrand appeals from the district court's order of dismissal, granted pursuant to the doctrine of *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). The district court concluded that dismissal was appropriate because of the progress of the parallel state court litigation and because the state forum was adequate to resolve the questions presented in this federal action. Coopers & Lybrand seeks reversal on the grounds that the state court does not provide an adequate forum, and a dismissal should not be ordered in cases in which *Colorado River* deference is applicable.

## PERTINENT FACTS

Coopers & Lybrand served as the outside auditor for the Sun–Diamond cooperatives between 1982 and 1985. The Sun–Diamond cooperatives (Sun–Diamond) are non-profit entities that process and market agricultural products primarily grown by their farmer-members. The net proceeds of these operations are distributed to the members of Sun–Diamond.

Sun–Diamond uses an "open-pool" method of accounting. Under this method, Sun–Diamond accepts delivery of its members' crops in the fall and then pays them a "harvest advance," based on forecast crop values. According to Coopers & Lybrand,

Sun–Diamond's "open-pool" accounting is not required to follow generally accepted accounting principles (GAAP). As a result, Sun–Diamond may defer certain expenses that would have to be included under GAAP in order to increase the amount of proceeds available for distribution to its members.

In 1985, Sun–Diamond reported that $43 million in overpayments had been made to its members. Sun–Diamond attributes these overpayments to inventory overvaluation, inaccurate projections of costs and revenues, improper characterization of accounting items, and erroneous accounting for costs and expenses. Coopers & Lybrand contends that these overpayments resulted from Sun–Diamond's deliberate falsification of financial data given to Coopers & Lybrand in order to induce Coopers & Lybrand to issue unqualified audit reports. The overpayments were disclosed in 1985, prompting Coopers & Lybrand to resign as auditor.

On April 16, 1986, Coopers & Lybrand filed suit in the Superior Court for the City and County of San Francisco against Sun–Diamond and various current and former directors and officers of Sun–Diamond, asserting a claim for defamation, premised on Sun–Diamond's accusation that Coopers & Lybrand was an accomplice in the perpetration of a fraud. Coopers & Lybrand also sought a declaration that it had fulfilled its duties as the independent auditor. Thereafter, in 1986, nine actions relating to the overpayments were filed by Sun–Diamond and related parties in four separate state courts. Coopers & Lybrand was named as a defendant in two class actions and shareholder derivative suits seeking damages, and Sun–Diamond directors sought indemnification from Coopers & Lybrand in a third proceeding.

On Sun–Diamond's petition, the Judicial Council of the State of California consolidated all of these lawsuits, including Coopers & Lybrand's San Francisco action, into

---

* Honorable Laughlin E. Waters, Senior United States District Judge for the Central District of California, sitting by designation.

one coordinated proceeding in Fresno Superior Court. In the coordinated proceeding, the state court entered substantive rulings on the merits of the actions while, at the same time, encouraging the parties to reach a comprehensive settlement of the claims. In September 1988, Sun–Diamond settled "a substantial portion" of those claims. Coopers & Lybrand was not a party to the settlement agreement. On December 9, 1988, the state court issued a certification of good faith settlement, pursuant to Cal.Code Civ.P. § 877.6, thereby precluding Coopers & Lybrand from maintaining any indemnity claims against any party to the settlement. This certification was upheld on appeal on August 29, 1989.

On November 8, 1988, Coopers & Lybrand filed this federal action. Coopers & Lybrand alleges claims for violation of the Agricultural Fair Practices Act (AFPA), 7 U.S.C. §§ 2301–2306, and the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968. Coopers & Lybrand also raises pendent state claims for fraud, conspiracy to commit fraud, negligent misrepresentation, and negligence. Sun–Diamond moved to dismiss the complaint under the *Colorado River* doctrine and for failure to state a claim. On May 26, 1989, the district court entered an order of dismissal, concluding that "the rationale behind the *Colorado River* doctrine seems well-advanced by its application in this instance." The district court did not address Sun–Diamond's motion to dismiss for failure to state a claim.

On June 27, 1989, Coopers & Lybrand lodged a request with the district court "to stay for a period of thirty days the finality of the judgment recently entered dismissing Coopers & Lybrand's complaint ... pursuant to the *Colorado River* doctrine." Coopers & Lybrand noted that it was attempting to amend its state court defamation complaint to include the claims that it had asserted in its federal complaint. On June 29, 1989, at the telephone hearing on Coopers & Lybrand's request for a stay of judgment, the district court commented that

> [I]f the judge, as I indicated earlier, had the option of precluding the amendment

down there in State Court to include the Federal claims because of the apparent jurisdiction, because of the lateness of bringing them or some other ground that was within his discretion so that there would not be a ruling on the merits of those claims, I'd be disposed to simply holding this open until we found out what the rulings were. If he goes ahead and rules on substantive grounds with respect to those Federal claims, ... I suppose that the appeal route is in the State Judiciary....

The district court denied the request for a stay of judgment on June 29, 1989. Coopers & Lybrand filed its timely notice of appeal that same day.

On November 8, 1989, Coopers & Lybrand filed its first amended complaint in the state court defamation action, by which it sought to assert all claims brought in its federal complaint in the state court litigation. That complaint was amended by Coopers & Lybrand's second amended complaint, filed on February 12, 1990. By rulings filed March 5 and April 25, 1990, after the district court had entered its order of dismissal, the state court sustained demurrers to all of the causes of action asserted by Coopers & Lybrand in its first and second amended complaints against the directors and officers of Sun–Diamond. At oral argument, Coopers & Lybrand maintained that it is now without a forum in which to address the claims raised in its federal complaint.

## STANDARD OF REVIEW

■ The *Colorado River* doctrine is not a recognized form of abstention. *Colorado River Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976). Instead, it is a form of deference to state court jurisdiction. *Federal Deposit Ins. Corp. v. Nichols*, 885 F.2d 633, 637 (9th Cir.1989). An exercise of *Colorado River* deference, however, is reviewed under the same abuse of discretion standard applied to abstention decisions. *Id.*

Abuse of discretion review in the abstention context " 'should not be confused with the broader abuse of discretion test used in other matters, such as rulings on certain evidentiary issues.' " *Id.* (quoting *American Int'l Underwriters, Inc. v. Continental Ins. Co.*, 843 F.2d 1253, 1256 (9th Cir. 1988)). " 'In abstention cases, "discretion must be exercised within the narrow and specific limits prescribed...." Thus the district court judge in this case [was required to exercise his] discretion within the "exceptional circumstances" limits' " of *Colorado River* deference. *Nakash v. Marciano*, 882 F.2d 1411, 1413 (9th Cir. 1989) (quoting *American Int'l Underwriters, Inc. v. Continental Ins. Co.*, 843 F.2d at 1256) (quoting *C–Y Dev. Co. v. City of Redlands*, 703 F.2d 375, 377 (9th Cir. 1983))).

## DISCUSSION

The district court dismissed Coopers & Lybrand's federal action, rather than staying it pending resolution of Coopers & Lybrand's state court proceeding, on May 26, 1989. Thereafter, on September 22, 1989, we announced our decision in *Attwood v. Mendocino Coast District Hospital*, 886 F.2d 241 (9th Cir.1989).

■ In *Attwood*, we considered the following issue: "[w]hen a district court declines to exercise its jurisdiction under *Colorado River*, may it dismiss the action without prejudice or must the court merely stay it?" *Id.* at 242. We held that "the district court should have stayed rather than dismissed Attwood's action" to ensure that "the federal forum will remain open if 'for some unexpected reason the state forum does turn out to be inadequate.' " *Id.* at 243 (quoting *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28, 103 S.Ct. 927, 943, 74 L.Ed.2d 765 (1983)). "In this way, a stay 'will effectively conserve court resources while avoiding premature rejection of the litigants' access ... to a federal forum.' " *Id.* at 244 (quoting *Mahaffey v. Bechtel Assoc. Professional Corp.*, 699 F.2d 545, 546–47 (D.C.Cir. 1983)). In addition, "[b]y using a stay, a district court invoking *Colorado River* will

not need to make premature and speculative legal findings about the preclusive effect of various possible state judgments in choosing between a stay and a dismissal." *Id.* Thus, *Attwood* stands for the proposition that district courts must stay, rather than dismiss, an action when they determine that they should defer to the state court proceedings under *Colorado River*.

■ Because *Attwood* was decided during the pendency of this appeal, we must consider its retroactive effect. "Although not constitutionally mandated, 'retroactive application of judicial decisions is the rule and not the exception.' " *United States v. Gonzalez–Sandoval*, 894 F.2d 1043, 1052 (9th Cir.1990) (quoting *United States v. Kane*, 876 F.2d 734, 735–36 (9th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 173, 107 L.Ed.2d 130 (1989)). In determining whether an exception to this general rule of retroactive application should be made, we weigh three factors: "[t]he case must (1) establish a new principle of law, either by deciding an issue of first impression or by overruling clear past precedent; (2) state a rule for which retroactive application would retard more than further the rule's operation in light of its prior history, purpose, and effect; and (3) avoid injustice or hardship if applied only prospectively and produce substantial inequitable results if applied retroactively." *Orozco v. United Air Lines, Inc.*, 887 F.2d 949, 952–53 (9th Cir. 1989).

*Attwood* resolved a question of first impression in this circuit. 886 F.2d at 242. Retroactive application of the *Attwood* rule will promote its purpose by ensuring that the federal forum will remain open if a plaintiff is foreclosed from pursuing his or her federal claims in the parallel state court proceeding. Retroactive application of *Attwood* will avoid, rather than cause, inequitable results. We are persuaded that *Attwood* must be applied retroactively. Accordingly, we must reverse the dismissal of this action.

■ Sun–Diamond argues that Coopers & Lybrand waived the issue of stay versus dismissal by failing to request that the

district court enter a permanent stay of the proceedings pending the resolution of the state court litigation. Coopers & Lybrand requested a thirty-day stay of the entry of judgment. At the June 29, 1989 telephonic hearing on Coopers & Lybrand's request, counsel for Coopers & Lybrand stated:

> [I]n many of these *Colorado River* cases it is ... the decision of the court to stay the matter so it can look downstream and see what might happen rather than to dismiss the matter completely. All we're saying to Your Honor is we're not asking for that, we're just asking for Your Honor to give us another 30 days so that the judgment doesn't become final so that if it is appropriate we can come back to you within that time period and make a further showing as to why some further relief might not be appropriate.

The comments of Coopers & Lybrand's counsel make clear that Coopers & Lybrand was contemplating a request for "some further relief," such as a permanent stay, if the district court granted the thirty-day stay of the entry of judgment. Because the district court denied the request for a temporary stay, Coopers & Lybrand had no opportunity to do so. Furthermore, we note that *Attwood* was not the law at the time the district court resolved Sun–Diamond's motion to dismiss. As a result, *all* of the parties were under the mistaken belief that a motion to dismiss was an appropriate procedure for raising the issue of *Colorado River* deference. These facts do not constitute a waiver of the applicability of the *Attwood* rule.

As noted above, the state court sustained several demurrers to the federal claims asserted in Coopers & Lybrand's amended state court complaint after the notice of appeal was filed in this matter. Because of the pendency of this appeal, the district court has not had an opportunity to consider these new facts that may bear on the adequacy of the state forum under *Colorado River*. Accordingly, we request the district court to conduct a hearing upon remand to determine, in light of the new developments in the parallel state court litigation, whether application of *Colorado River* deference is appropriate. If the dis-

trict court concludes that the *Colorado River* doctrine is applicable, the district court shall enter a stay until the final determination of Cooper & Lybrand's state court action. *See Attwood v. Mendocino Coast Dist. Hosp.*, 886 F.2d at 245–46 (district court instructed to enter an order "staying the action pending the completion of state proceedings").

## CONCLUSION

The judgment of the district court is reversed. This matter is remanded with instructions to conduct further proceedings to determine whether in the district court's discretion the present facts support an application of the *Colorado River* doctrine.

REVERSED and REMANDED with instructions.