**Michael AKINS; Betty Akins, Plaintiffs–Appellees,**

v.

**Ronald J. RODRIGUEZ; Defendant–Appellee,**

**American Nuclear Insurers, Inc., Defendant–Appellant.**

No. 90–16163.

United States Court of Appeals, Ninth Circuit.

Argued Dec. 17, 1992.

Submission Deferred Dec. 21, 1992.

Submitted Sept. 1, 1993.

Decided Feb. 3, 1994.

key, and his possessions were in it.

Stephen J. Mackey, Donahue and Callaham, Sacramento, California, for the plaintiffs-appellees.

Ellen Kittredge Scott and Alfred H. Wilcox, Pepper, Hamilton & Scheetz, Philadelphia, Pennsylvania, for the defendant-appellant.

Before: GOODWIN, O'SCANNLAIN, and RYMER, Circuit Judges.

O'SCANNLAIN, Circuit Judge:

This appeal involves one of two class actions arising out of the alleged contamination of stream water by the discharge of radioactive material from the Rancho Seco nuclear power plant located in Sacramento County, California.

## I

A class of approximately 200 people living in the vicinity of Rancho Seco (collectively "Akins"), sued the plant's owner and operator, the Sacramento Municipal Utility District ("SMUD"), in California state court. In that suit, the state trial court granted SMUD's motion for summary judgment. The California Court of Appeal affirmed. *Akins v. Sacramento Mun. Util. Dist.*, 18 Cal.App.4th 208, 8 Cal.Rptr.2d 785 (1992) ("*Akins I*"). Subsequently, however, the California Supreme Court granted Akins' petition for review of *Akins I*. *Akins v. Sacramento Mun. Util. Dist.*, 11 Cal.Rptr.2d 329, 834 P.2d 1147 (1992). The California Supreme Court has yet to issue an opinion in that case.

In the instant action ("*Akins II*"), filed just before *Akins I* was set to begin trial, Akins brought suit in state court against American Nuclear Insurers, Inc. ("ANI") and nine current and former SMUD employees. ANI is a pool of stock insurance companies which provide insurance to nuclear power plants licensed by the Nuclear Regulatory Commission. Such insurance is required by the Price–Anderson Act, 42 U.S.C. § 2210(b). Akins alleges that ANI learned of the discharge and conspired with SMUD to conceal the extent of the releases.

ANI removed the case to federal court. Akins then asked the district court to remand the case to state court or, in the alternative, to issue a stay pending the resolution of *Akins I*. ANI opposed a remand but agreed to a stay. On August 3, 1990, after issuing the stay, the district court granted Akins' motion to reconsider and ordered the action remanded to state court, citing *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988), and *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

At the time of the remand order, *Akins I* had been pending for over four and a half years, discovery was substantially complete, and settlement and pre-trial conferences had been set. In contrast, the federal action had not yet proceeded to its first status conference. The district court apparently believed that the two cases would be consolidated in state court, serving the twin goals of judicial economy and the efficient disposition of litigation. However, on September 27, 1990, after *Akins II* was remanded to state court, Akins filed a peremptory challenge to prevent the judge hearing *Akins I* from hearing this case as well. Thus, this action was not consolidated with *Akins I* but proceeded separately as *Akins v. Rodriguez*, County of Sacramento Superior Court No. 512161 ("*Akins III*"). ANI then moved for a stay in *Akins III* pending the outcome of *Akins I*. That motion was granted by the state court on November 27, 1990.

Meanwhile, on August 21, 1990, eighteen days after the remand order, ANI petitioned this court for a writ of mandamus, seeking to challenge the remand order. On October 2, 1990, a motions panel of this court denied the petition, stating that the district court's remand order was reviewable on direct appeal. ANI then proceeded with this appeal of the remand order. We have jurisdiction pursuant to 42 U.S.C. § 2210(n)(2), and we affirm in part and reverse in part.

## II

Before turning to the merits of this appeal, we must address two jurisdictional matters.

A

■ After oral argument, we ordered supplemental briefing on whether we were precluded from reviewing this remand order. *See Seedman v. United States District Court,* 837 F.2d 413, 414 (9th Cir.1988). Our cases recognize that

> [r]eview of remand orders appears to be prohibited by 28 U.S.C. § 1447(d), which provides that an "order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." However, the Supreme Court limited the scope of § 1447(d) in *Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976).... The Court reasoned that the prohibition on review found in § 1447(d) can only be read in conjunction with 28 U.S.C. § 1447(c), which provides that "[i]f at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case." *See id.* at 345–46, 96 S.Ct. at 590.

*Price v. PSA, Inc.,* 829 F.2d 871, 873 (9th Cir.1987), *cert. denied,* 486 U.S. 1006, 108 S.Ct. 1732, 100 L.Ed.2d 196 (1988). Thus, "only remand orders issued under § 1447(c) and invoking the grounds specified therein— that removal was improvident and without jurisdiction—are immune from review under § 1447(d)." *Id.* (quoting *Thermtron Products,* 423 U.S. at 346, 96 S.Ct. at 590).

■ As in *Price,* such immunity is not applicable here. This case was not removed to federal court "improvidently and without jurisdiction." Removal was proper under 42 U.S.C. § 2210(n)(2). Indeed, the remand order was based on the district court's perceived discretion to abstain from hearing this matter. "Because the order was not a mandatory remand under § 1447(c), it enjoys no immunity from review." *Price,* 829 F.2d at 874; *see also Scott v. Machinists Automotive Trades Dist. Lodge,* 827 F.2d 589, 592 (9th Cir.1987) ("If a district court remands for reasons permitted under section 1447(c), the remand is not reviewable; but if the court remands for other reasons, the order is subject to review."); *Survival Systems Div. of the Whittaker Corp. v. United States District Court,* 825 F.2d 1416, 1418 (9th Cir.1987) (removal had not been without jurisdiction; therefore the statutory preclusion of review under § 1447(c) is not applicable), *cert. denied,* 484 U.S. 1042, 108 S.Ct. 774, 98 L.Ed.2d 861 (1988); *see also FSLIC v. Frumenti Dev. Corp.,* 857 F.2d 665, 669–70 (9th Cir.1988).

B

■ When ANI petitioned this court for a writ of mandamus, we told it that the proper avenue for reviewing the district court's remand order was direct appeal. However, "[a]n order remanding an action, if reviewable at all, is ordinarily reviewed by mandamus." *Survival Systems,* 825 F.2d at 1418 (citing *Thermtron Products,* 423 U.S. at 352–53, 96 S.Ct. at 593–94). In order fairly to preserve ANI's timely asserted right to review, we construe this appeal as a petition for mandamus.

III

A

We first consider whether the district court had the discretion to order a remand based on the Supreme Court's opinion in *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). In *Carnegie–Mellon,* the plaintiff filed suit against the university in state court alleging a violation of the federal law prohibiting age discrimination and also alleging several state law causes of action. *Id.* at 345, 108 S.Ct. at 616. After the university removed the case to federal court, the plaintiff dismissed his federal claim. *Id.* at 345–46, 108 S.Ct. at 616. The Supreme Court held that it was proper for the district court to decline to hear the pendent state law claims through a remand order rather than a dismissal. *Id.* at 356, 108 S.Ct. at 622. That holding rests squarely on the fact that "when a removed case involves pendent state-law claims, a district court has undoubted discretion to decline to hear the case." *Id.*

The district court determined that this class action is a "public liability action" arising out of a "nuclear incident." Thus, Akins'

suit arises in its entirety under 42 U.S.C. § 2210(n)(2). As this case does not involve pendent state-law claims, but rather concurrent federal jurisdiction, *Carnegie–Mellon* lends no support to the district court's decision to remand.

## B

■ We next consider whether abstention was proper under *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). The Supreme Court has set out factors which should be considered by a federal district court in determining whether to defer to a concurrent state proceeding: the desirability of avoiding piecemeal litigation, the order in which the federal and state courts obtained jurisdiction, the absence of progress in the federal litigation, the presence of rights governed by state law, and the relative convenience of the fora. *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 16–17, 103 S.Ct. 927, 937, 74 L.Ed.2d 765 (1983); *Colorado River,* 424 U.S. at 818, 96 S.Ct. at 1246.

■ This case presents significant dangers of piecemeal litigation in the absence of abstention. Both the present action (*Akins II*) and the state court action in *Akins v. Sacramento Municipal Utility District* (*Akins I*), center on the issue of whether certain injuries from radiation were sufficient to support a cause of action under California tort law. That issue was the principal subject of the California Court of Appeal's lengthy opinion in *Akins I,* 18 Cal.App.4th 208, 8 Cal.Rptr.2d 785, *review granted,* 11 Cal.Rptr.2d 329, 834 P.2d 1147 (1992), which is currently being reviewed by the California Supreme Court. The outcome of *Akins I* is central to the present case. If the California Supreme Court affirms, the judgment in that case will be a basis for defensive collateral estoppel in the present action. *See Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 327–29, 99 S.Ct. 645, 649–50, 58 L.Ed.2d 552 (1979) (discussing defensive collateral estoppel).[1] As we explain, a district court which abstains under *Colorado River* must stay the case at issue in federal court. Therefore, abstention eliminates the possibility of needless duplicative litigation.[2]

We acknowledge that an important factor in *Colorado River* was the McCarran Amendment, 43 U.S.C. § 666, which expresses a federal policy for avoiding piecemeal litigation by allowing the United States to be joined as a party in state court actions regarding water rights. *Id.* at 819, 96 S.Ct. at 1247. In the present case, by contrast, the Price–Anderson Act reflects a federal policy for adjudicating "public liability actions" in federal court. While this consideration is relevant to the *Colorado River* analysis, it is not dispositive in view of the clear dangers of piecemeal litigation.

Moreover, the other factors in *Colorado River* and *Cone* indicate that abstention is appropriate. The California state courts obtained jurisdiction of *Akins I* more than four years before the federal courts obtained jurisdiction of *Akins II.* There has been little or no progress in the federal litigation. State law questions predominate in the federal action, because under the Price–Anderson Act, state substantive law is applied in a "public liability action ... unless such law is inconsistent with [the Act]." 42 U.S.C. § 2014(hh). Finally, the federal and state courts are equally convenient—both are in Sacramento.

---

**1.** If the California Supreme Court determines that plaintiffs have not been injured, and therefore cannot recover actual damages, plaintiffs may be barred from recovering punitive damages as well. *See Mardirosian v. Lincoln Nat'l Life Ins. Co.,* 739 F.2d 474, 478 (9th Cir.1984) (noting that California law does not permit recovery of punitive damages in the absence of actual damages) (citing *Esparza v. Specht,* 55 Cal.App.3d 1, 127 Cal.Rptr. 493, 495 (1976)). Thus, depending on the California court's reasoning, the district court could promptly resolve the instant litigation.

**2.** Although the *Colorado River* doctrine is usually limited to cases in which the same litigants are involved in both the state and federal proceedings, we are persuaded that despite the fact that *Akins I* and *Akins II* involve different defendants, there are exceptional circumstances in this case because of the cost of piecemeal litigation and because an affirmance of *Akins I* by the California Supreme Court could fully decide *Akins II.*

A decision to abstain under *Colorado River* is reviewed for abuse of discretion. *American Int'l Underwriters, Inc. v. Continental Ins. Co.*, 843 F.2d 1253, 1256 (9th Cir.1988). Although a district court's discretion is narrower in this context than in others, *id.*, it is discretion nevertheless.[3] We conclude that the district court did not abuse its discretion in concluding that this case presents circumstances which justify abstention under *Colorado River*.

### IV

In *Attwood v. Mendocino Coast District Hospital*, 886 F.2d 241 (9th Cir.1989), we held that a district court which abstains under *Colorado River* must stay the federal action rather than remand to state court. *Attwood*, 886 F.2d at 243. Accordingly, the district court erred by remanding to state court.

### V

Construing this appeal as a petition for mandamus, we affirm the district court's abstention decision, reverse its order remanding to state court, and remand to the district court with instructions that the present action be stayed in federal court.

MANDAMUS GRANTED, AFFIRMED IN PART, REVERSED IN PART, and REMANDED.

---

**3.** The Supreme Court in *Colorado River* found "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them," *id.*, 424 U.S. at 817, 96 S.Ct. at 1246, and stated that the doctrine of abstention in favor of concurrent state proceedings is to be exercised only where "the clearest of justifications" is present, *id.* at 819, 96 S.Ct. at 1247. Despite these words of caution, we conclude that the circumstances of this case are sufficiently exceptional that *Colorado River* abstention is within the district court's discretion.