In re Amir Houshang **SARBAZ**, Debtor.

Amir Houshang **SARBAZ**, Appellant,

v.

Ehud **FELDMAN**, Appellee.

BAP No. CC–97–1825–MeBW.
Bankruptcy No. SV 95–15531 KL.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted July 22, 1998.

Decided Nov. 10, 1998.

Anna H. Waendelin, Los Angeles, CA, for appellant.

Robert Asa Crook, Pasadena, CA, for appellee.

Before: MEYERS, BRANDT and WILLIAMS [1], Bankruptcy Judges.

## OPINION

MEYERS, Bankruptcy Judge.

### I

The bankruptcy court granted judgment in favor of the plaintiff in an action under Bankruptcy Code Section 523(a)(6). While this appeal was pending the Supreme Court rendered its opinion in *Kawaauhau v. Geiger*, —— U.S. ——, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998), clarifying the scope of the "willful and malicious injury" exception to the discharge. We will REMAND to allow the bankruptcy court to reconsider its ruling in light of that Supreme Court decision.

### II

### FACTS

The debtor, Amir Houshang Sarbaz ("Sarbaz"), was the owner of a car dealership called Beverly Hills Exclusive Auto. He and Ehud Feldman ("Feldman") entered into a series of agreements to buy and resell automobiles. Generally, Sarbaz chose the cars and Feldman provided the necessary capital. Sarbaz and Feldman established a joint bank account for use in their transactions with each other.

Sarbaz filed for bankruptcy in 1995. Feldman asserted that he was owed in excess of $160,000 and he filed a complaint for nondischargeability pursuant to Sections 523(a)(2), (4) and (6). A trial was conducted on June 18, 1997. The court entered its judgment on May 5, 1998, finding the debt nondischargeable pursuant to Section 523(a)(6). In a memorandum the court found that Sarbaz used funds from the joint account for his own use.[2] It also stated that it was "not necessary for Feldman to prove that Sarbaz had a specific intent to cause financial harm to Feldman."

1. Hon. Patricia C. Williams, Bankruptcy Judge for the Eastern District of Washington, sitting by designation.

2. In its memorandum the court stated that the debt also was nondischargeable pursuant to Section 523(a)(4) finding that the relationship be-

### III

### STANDARD OF REVIEW

A court's findings of fact are reviewed under a clearly erroneous standard. Fed. R.Bankr.P. 8013; *In re Wavelength, Inc.*, 61 B.R. 614, 619 (9th Cir. BAP 1986). Issues of law, such as the interpretation of the Bankruptcy Code, are reviewed *de novo*. *In re Loken*, 175 B.R. 56, 60 (9th Cir. BAP 1994).

### IV

### DISCUSSION

A. *Failure to Assert a Claim Under Section 523(a)(6)*

Sarbaz argues that the court erred in awarding a judgment based on Section 523(a)(6) because Feldman failed to properly raise a claim under that Section. Specifically, he claims that the issue was only raised in Feldman's brief, which was not served on Sarbaz prior to trial.

Sarbaz's argument ignores the fact that Feldman's counsel, in his opening argument at trial, specifically stated that Sarbaz sought relief under Section 523(a)(6) for conversion of property of another. He then set forth a sketch of the facts he intended to show that were relevant to this claim. Sarbaz, representing himself, did not object.

Pursuant to Fed.R.Civ.P. 15(b), as incorporated by Fed.R.Bankr.P. 7015, a party can give implied consent to adjudication of issues not raised by the pleadings. Furthermore, while it may have been prudent for Feldman to move to amend his pleadings, the "failure to so amend does not affect the result of the trial of these issues." Fed. R.Civ.P. 15(b). Additionally, consent is generally found when evidence relating to issues that are beyond the pleadings is introduced without objection. 6A Wright, Miller and Kane, *Federal Practice and Procedure*,

tween Sarbaz and Feldman was a joint venture and that Sarbaz committed defalcation while acting as a fiduciary. The Judgment, on the contrary, stated that Sarbaz was entitled to judgment on the claim under Section 523(a)(4). The court may want to revisit this issue on remand.

**300**

§ 1493, at 24 (2d ed.1990). Feldman introduced evidence consistent with his opening statement and relevant to the Section 523(a)(6) claim. Sarbaz did not object. Sarbaz implicitly consented to adjudication of the claim under Section 523(a)(6). The court did not err in considering that Section.

B. *"Willful and Malicious" Under Geiger*

■ The bankruptcy court ruled that the debt was nondischargeable pursuant to Section 523(a)(6). In doing so, the court applied the Ninth Circuit's definition of "willful and malicious" set forth in *In re Cecchini,* 780 F.2d 1440 (9th Cir.1986). Specifically, the bankruptcy court did not require a showing that Sarbaz intended the consequences of his actions. That is, it did not require a showing that Sarbaz intended to cause the harm to Feldman. Instead, it required only a showing that he intended to take the actions he did and those actions led to harm that was a certain or foreseeable consequence of his actions. This was appropriate under the guidance of Ninth Circuit case law.

On March 3, 1998, the Supreme Court issued its opinion in *Geiger.* The Court examined whether Section 523(a)(6) included acts done intentionally that result in harm, the standard in the Ninth Circuit under *Cecchini,* or whether it only covered acts done with the actual intent to cause injury, as the Eighth Circuit had ruled. The Court ruled that the "word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." —— U.S. at ——, 118 S.Ct. at 977.

Case law is generally applied retroactively. *Coopers & Lybrand v. Sun–Diamond Growers of CA,* 912 F.2d 1135, 1138 (9th Cir.1990). *Geiger* establishes a new principle of law. Retroactive application would further its purpose by ensuring that the exceptions to discharge are "confined to those plainly expressed." *Geiger,* —— U.S. at ——, 118 S.Ct. at 977. Retroactive application will avoid, rather than cause, inequitable results. *See Coopers & Lybrand,* 912 F.2d at 1138. Accordingly, *Geiger* must be applied retroactively.

**V**

**CONCLUSION**

In *Geiger,* the Supreme Court clarified the definition of "willful and malicious" under Section 523(a)(6). The bankruptcy court is directed to reconsider its ruling that the debt was nondischargeable under Section 523(a)(6) in light of *Geiger.*

The order on appeal is VACATED and this matter is REMANDED for further proceedings consistent with the opinion.