Michael DOMBROWSKI, Plaintiff,

v.

GENERAL MOTORS CORPORATION, Defendants.

No. CV–03–0594–PHX–LOA.

United States District Court, D. Arizona.

May 21, 2004.

Marshall Meyers, Jack Gunn, Krohn & Moss Ltd, Phoenix, AZ, for Plaintiff.

Negatu Molla, Esq, Tracy Lynn Carlson, Bowman & Brooke, Darrell Eugene Davis, Esq, Kevin Joseph Sierka, Norling, Kolsrud, Sifferman & Davis PLC, Phoenix, AZ, for Defendants.

## ORDER

ANDERSON, United States Magistrate Judge.

In light of the parties' Joint Motion to Vacate Evidentiary Hearing (doc. # 59) and the stipulations contained therein, including the stipulation that "the court [ ] rule on Van Chevrolet's Application to Stay Case Pending Arbitration based on the briefs submitted by the parties and the record before the court," the Court finds that Plaintiff has failed to sustain his burden of proof that the subject mandatory mediation and binding arbitral process with the American Arbitration Association is either procedurally or substantively unconscionable under Arizona law. *U.S. Insulation, Inc. v. Hilro Constr. Co.,* 146 Ariz. 250, 258, 705 P.2d 490, 498 (Ariz.App. 1985); *Green Tree Financial Corp. v. Randolph,* 531 U.S. 79, 92, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000)("where . . . a party seeks to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive, that party bears the burden of showing the likelihood of incurring such costs."); *Ting v. AT&T,* 319 F.3d 1126 (9th Cir.2003)(" '[G]enerally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening [9 U.S.C.] § 2' ", citing *Doctor's Assocs., Inc. v. Casarotto,* 517 U.S. 681, 687, 116 S.Ct. 1652, 134 L.Ed.2d 902 (1996)). Moreover, the Court concludes that even though the Ninth Circuit has yet to address the issue, the more persuasive authorities dictate that the rele-

vant parties' written agreement to mediate and arbitrate their disputes contained in their motor vehicle purchase contract be honored and that Defendant Van Chevrolet's Application to Stay Case and to Compel Arbitration be granted. See, *Walton v. Rose Mobile Homes, LLC*, 298 F.3d 470 (5th Cir.2002); *Davis v. Southern Energy Homes, Inc.*, 305 F.3d 1268 (11th Cir. 2002); but see, *Rickard v. Teynor's Homes, Inc.*, 279 F.Supp.2d 910 (N.D.Ohio 2003).

Accordingly,

**IT IS ORDERED** that the evidentiary hearing set for May 27, 2004 and that portion of the order that the relevant parties file pre-hearing memorandum are **VA-CATED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave of Court to File Supplemental Citation of Authority (doc. # 60) is **GRANTED.** The Court has considered the recent case of *Household Credit Services, Inc. v. Pfennig*, —— U.S. ——, 124 S.Ct. 1741, 158 L.Ed.2d 450 (2004) and finds it unpersuasive on the issues *sub judice.*[1]

**IT IS FURTHER ORDERED** that Defendant Van Chevrolet's Application to Stay Case and to Compel Arbitration (doc. # 39) is **GRANTED** and hereby compelling the Plaintiff and Defendant Van Chevrolet to promptly comply with their written agreement to mediate and, if necessary, arbitrate their disputes arising out of or relating to their motor vehicle purchase agreement. See, ¶ 10, Exhibit A, Application to Stay Case and to Compel Arbitration. Plaintiff's lawsuit against Defendant Van Chevrolet shall, however, remain inactive and shall not be dismissed at this time pending need of further judicial intervention or upon further court order. See, *Attwood v. Mendocino Coast District Hospital*, 886 F.2d 241 (9th Cir. 1989).

**IT IS FURTHER ORDERED** that the stay imposed and signed by the Court on April 21, 2004 is hereby immediately lifted and vacated. A separate Rule 16(b) order will be issued shortly regarding Plaintiff's claim(s) against Defendant General Motors.

---

**1.** Presumably, Plaintiff cites this April 21, 2004 Supreme Court decision to persuade the Court to follow the regulation of the Federal Trade Commission, a federal agency like the Federal Reserve Board which interprets the Truth in Lending Act, precluding informal dispute settlement procedures if Congress has explicitly left a gap for the agency to fill or has created an ambiguity in the Magnuson–Moss Warranty Act ("MMWA"). See, 16 C.F.R. § 703.5(j). These rules of construction are, however, unpersuasive when there exists two federal appellate courts which have directly addressed the issue and concluded that, in light of the Federal Arbitration Act's liberal policy in favor of arbitration, the MMWA permits binding arbitration.