932 F.2d 974
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In re WESTWOOD LUMBER INC., Debtor.
SEATTLE-FIRST NATIONAL BANK, Appellant,
v.
WESTWOOD LUMBER, INC., Appellee.
 
 1
 No. 90-35272.
 
 
 2
 United States Court of Appeals, Ninth Circuit.
 
 Argued and Submitted Oct. 3, 1990.
Decided May 3, 1991.
 
 3
 Before HUG and D.W. NELSON, Circuit Judges, and CARROLL*, District Judge.
 
 
 4
 MEMORANDUM**
 
 
 5
 Seattle-First National Bank (Sea-First) appeals the district court's order finding that Sea-First's voluntary dismissal of its action against Westwood Lumber, Inc. (Westwood) violated the bankruptcy automatic stay provision of 11 U.S.C. Sec. 362(a). The issue before us is whether dismissal pursuant to Washington Rule of Civil Procedure 41 constitutes either a "commencement or continuation" of an action in contravention of 11 U.S.C. Sec. 362(a)(1) or an "act to obtain possession of property ... or to exercise control over property ..." in the form of Westwood's unfiled tort counterclaims, in violation of 11 U.S.C. Sec. 362(a)(3). Because a Washington state court has already spoken on this matter, we must honor the res judicata effect of its judgment and therefore reverse.
 
 I.
 
 6
 In Seattle-First National Bank v. Westwood Lumber, Inc., et al., (September 24, 1990; No. 23806-O-I), the court of appeals of the state of Washington was faced with identical claims. It ruled as follows: First, "taking of a voluntary nonsuit of a pending action against a debtor in bankruptcy does not violate the automatic stay because it does not violate any of [its] purposes:" second, because "[t]here were no counterclaims in existence at [the time the order of dismissal was entered] nor any motion pending to file counterclaims ... the entire argument based on the possible existence of counterclaims is irrelevant to the issue here." Moreover, "if any possible counterclaims are time barred, it is because they were not asserted before the statutory period for bringing those claims expired."
 
 
 7
 At the time the instant case was submitted to this court, Westwood was seeking review by the Washington Supreme Court; therefore, the state decision was still pending. Accordingly, we withdrew submission of this case until final disposition in the available state courts. (Order No. 90-35272).
 
 II.
 
 8
 On January 8, 1991, the Supreme Court of Washington denied Westwood's motion for review, see No. 57679-3 (January 8, 1991). The state decision is now final. Under the Full Faith and Credit Act, we must give state judicial proceedings "the same full faith and credit ... as they have by law or usage in the courts of [the] State ... from which they are taken." 28 U.S.C. Sec. 1738; see Robi v. Five Platters, Inc., 838 F.2d 318, 322 (9th Cir.1988).
 
 
 9
 Thus, we must apply Washington state preclusion rules. See Migra v. Warren City School Dist. Bd. of Ed., 465 U.S. 75, 81 (1984); Ollie v. Riggin, 848 F.2d 1016, 1017 (9th Cir.1988). In Washington, res judicata precludes relitigation of a claim if it is identical to the prior action in four respects: (1) subject-matter, (2) cause of action, (3) persons and parties, and (4) the quality of the persons for or against whom the claim is made. Rains v. State, 100 Wash.2d 660, 663 (1983).
 
 
 10
 The present case is in all relevant aspects similar to its state counterpart. Accordingly, the district court's order finding that Sea-First's voluntary nonsuit violated the automatic stay provision is
 
 
 11
 REVERSED.
 
 
 
 *
 Honorable Earl H. Carroll, United States District Judge for the District of Arizona, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3