DOCTOR'S ASSOCIATES, INC.

v.

Emily DISTAJO, et al.

Civ. No. 3:94CV349 (PCD).

United States District Court,
D. Connecticut.

Dec. 9, 1994.

William J. Doyle, Edward Wood Dunham, Kevin M. Kennedy, Wiggin & Dana, New Haven, CT, for Doctor's Associates, Inc.

Nicholas E. Wocl, Tooher & Puzzuoli, Stamford, CT, David M. Duree, Robert L. Carter, Reinert, Duree & Crane, St. Louis, MO, for Emily Distajo, Renato Distajo, Constantino Lamando and Milo Lamando.

Nicholas E. Wocl, Tooher & Puzzuoli, Stamford, CT, for Jose Alberto Brenes, Alvaro Guerrero, Maria T. Guerrero, Wesam S. Youmaran, Linda Youmaran, Julie Shino, Johnson Shino, Albert Yonan, Leylah Yonan, Louis Loenneke, Mary Ann Bookout and John S. Papaleo.

David M. Duree, Reinert, Duree & Crane, St. Louis, MO, for Ronald Rothmund and Patricia Rothmund.

### RULING ON PENDING MOTIONS

DORSEY, Chief Judge.

After entry of a temporary restraining order prohibiting defendants from pursuing various state court actions, a hearing to show cause why a preliminary injunction should not enter was held on November 29, 1994. Defendants [1] move to vacate the temporary restraining order and oppose plaintiff's motion for preliminary injunction.

*Background*

Doctor's Associates, Inc. (DAI) the national franchisor of "Subway" sandwich shops, is a Florida corporation. DAI entered into written franchise agreements with defendants, permitting them to operate Subway shops. The agreements contain an arbitration clause (paragraph 10c) which reads:

> Any controversy or claim arising out of or relating to this contract or the breach thereof shall be settled by Arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association at a hearing to be held in Bridgeport, Connecticut and judgment upon an award rendered by the Arbitrator(s) may be entered in any court having jurisdiction thereof. The commencement of arbitration proceedings by an aggrieved party to settle disputes arising out or relating to this contract is a condition precedent to the commencement of legal action by either party. The cost of such a proceeding will be borne equally by the parties.

Defendants have sued plaintiff, affiliated individuals and entities in various state courts. Plaintiff demanded arbitration of defendants' claims by the American Arbitration Association in accordance with the arbitration clause. Defendants have refused to arbitrate. The matter has been ordered to arbitration. Plaintiff has moved to enjoin defendants

---

1. The following defendants bring this motion:
3:94cv01457 *Doctor's Associates v. Papaleo*
3:94cv01456 *Doctor's Associates v. Rothmund*
3:94cv00349 *Doctor's Associates v. Distajo*
3:94cv00516 *Doctor's Associates v. Shino*
3:94cv00514 *Doctor's Associates v. Guerrero*
3:94cv00948 *Doctor's Associates v. Kane*
3:94cv01108 *Doctor's Associates v. Giannini*
3:94cv00803 *Doctor's Associates v. Johnson*
3:94cv00517 *Doctor's Associates v. Loenneke*
3:94cv00515 *Doctor's Associates v. Youmaran*
3:94cv00511 *Doctor's Associates v. Brenes*
The "Alabama defendants" did not join in the motion. They are:
3:94cv00372 *Doctor's Associates v. Benton*
3:94cv00354 *Doctor's Associates v. McCrary*
3:94cv00370 *Doctor's Associates v. Smith*
3:94cv00371 *Doctor's Associates v. Riise*
3:94cv00369 *Doctor's Associates v. Gillon*

from proceeding in state court with parallel litigation.

*Discussion*

### A) *Res Judicata/Collateral Estoppel*

Defendants argue that res judicata and/or collateral estoppel bar this court from deciding the arbitration issue. Specifically, they contend that an October 24, 1994 judgment of an Illinois state court [2] prevents relitigation of the issue, as Illinois law recognizes a trial court judgment as final for purposes of res judicata and collateral estoppel.

■ The full faith and credit statute, 28 U.S.C. § 1738 gives state court judgments the same preclusive effect as given by courts of the forum state. *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 380, 105 S.Ct. 1327, 1331, 84 L.Ed.2d 274 (1985). Illinois law thus determines what preclusive effect is to be given to the October 24, 1994 decision.

■ Under Illinois law, preclusive effect is given to a final judgment on the merits. *Pelon v. Wall,* 262 Ill.App.3d 131, 135, 199 Ill.Dec. 546, 634 N.E.2d 385 (1994). "For res judicata purposes, a judgment is not final until the possibility of appellate review has been exhausted." *Id.* (citations omitted). Plaintiff has indicated that there is a motion for reconsideration pending in the Illinois case. As that motion is pending, and there is the possibility of appeals, the Illinois judgment does not preclude this court from either acting on the arbitration issue or ordering appropriate measures to effectuate its decisions.

### B) *Stay of State Court Proceedings*

#### 1) *Federal Arbitration Act*

■ Defendants first argue that this court cannot stay the underlying state actions pursuant to § 3 of the Federal Arbitration Act (FAA) as that section only allows a court to stay a case when it has a pending suit before it. As there is no suit currently before the court, it is inappropriate for the court to use this section to stay litigation.

#### 2) *Anti–Injunction Act*

■ Federal courts are generally prohibited from staying state court proceedings by the Anti–Injunction Statute, 28 U.S.C. § 2283. However, the statute provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except ... to protect or effectuate its judgments." *Id.* This exception is applicable where "a federal court has made [a] conclusive ruling[ ] and [its] effect may be undermined by threatened relitigation in state courts." *Standard MicroSystems v. Texas Instruments,* 916 F.2d 58, 60 (2d Cir. 1990).

It has been held here that any dispute as to DAI, in accordance with the agreement, must be addressed in arbitration. Continued litigation of these issues in parallel state proceedings will undermine, if not moot, this ruling. Further proceedings as to defendants' disputes with DAI, which have been determined not to belong in the courts, but in arbitration, may effect this court's judgment. *Necchi Sewing Machine Sales Corp. v. Carl,* 260 F.Supp. 665, 669 (S.D.N.Y.1966); *see also McGuire, Cornwell & Blakey v. Grider,* 765 F.Supp. 1048, 1052 (D.Colo.1991); *Hunt v. Mobil Oil Corp.,* 557 F.Supp. 368, 372 (S.D.N.Y.1983).

Defendants have clearly manifested their intent to proceed with state court litigation despite the order of arbitration of their disputes with DAI. This continued action would impair the integrity of the order of arbitration. An injunction is not inappropriate.

*Conclusion*

The motion for preliminary injunction (doc. # 120) is granted; the motion to vacate the temporary restraining order (doc. # 127) is denied. Defendants shall be enjoined from proceeding with all related state court litigation pending arbitration.

SO ORDERED.

---

**2.** Defendants also cite certain Alabama decisions. Defendants effected by those decisions do not challenge a preliminary injunction. Those decisions will not be discussed here.