89 F.3d 406
 Lisa SELMON; Aaron Selmon, Ariane Selmon, Arielle Selmon,
Angelique Selmon, minors, by their guardian Lisa
Selmon; et al., Plaintiffs-Appellants,
v.
PORTSMOUTH DRIVE CONDOMINIUM ASSOCIATION, an Illinois
not-for-profit corporation; Chris Marema, individually and
as agent for Portsmouth Drive Condominium Association; Mark
Bolen, individually and as agent for Portsmouth Drive
Condominium Association; et al., Defendants-Appellees.
 No. 95-3556.
 United States Court of Appeals,
Seventh Circuit.
 Argued April 4, 1996.
Decided July 12, 1996.
 
 F. Willis Caruso, Daniel Kolhoff (argued), Brenda Sue Shavers, John Marshall Law School Fair Housing Legal Clinic, Chicago, IL, for Lisa Selmon.
 F. Willis Caruso, Brenda Sue Shavers, John Marshall Law School Fair Housing Legal Clinic, Chicago, IL, for Aaron Selmon, Ariane Selmon, Arielle Selmon, Angelique Selmon, Helena Samios, Artell Bates, Hope Fair Housing Center.
 Steven Boomberg, Daniel C. Shapiro (argued), David J. Freeman, Moss & Bloomberg, Bolingbrook, IL, for Portsmouth Drive Condominium Association.
 Before POSNER, Chief Judge, and KANNE and EVANS, Circuit Judges.
 KANNE, Circuit Judge.
 
 
 1
 The Vesting Clause of article III, U.S. CONST. art. III, § 1, and the statutory grants of original jurisdiction to the inferior federal courts, 28 U.S.C. § 1330 et seq., impose upon federal district courts the obligation to resolve disputes that satisfy constitutional, statutory, and prudential requirements for standing and justiciability. This duty may be discharged, however, in circumstances where it is appropriate for a district court to abstain from deciding a case or controversy in light of an ongoing or pending proceeding in state court.
 
 
 2
 The Supreme Court has fashioned several rationales justifying deference to state courts under this rubric of abstention. This case concerns the abstention doctrine emanating from the Court's decision in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). In this appeal, we are asked to decide whether dismissal or abstention--with its concomitant retention of jurisdiction--was the appropriate mechanism for the district court to use in implementing this doctrine. We find that the deference commanded by Colorado River required abstention by the district court.
 
 
 3
 * Helena Samios owns a condominium unit located at 8306C Portsmouth Drive in Darien, Illinois, where she lives with Lisa Selmon. The condominium unit is part of the Portsmouth Drive Condominium Association (the "Association"), a not-for-profit Illinois corporation. On September 27, 1994, Samios entered into a contract to sell her unit to Artell Bates for $91,000. Pursuant to a rider to the contract that Samios and Bates executed two days later, Samios agreed to finance $88,500 of the purchase price in two loans.
 
 
 4
 The first loan had a balance of $33,500 and bore 9 percent simple interest over a five-year term with a maturity date of September 30, 1999. The second loan had a balance of $55,000 and bore the same interest rate over a thirty-year term. The second loan was to be paid in equal monthly installments, each of which would also include 8.33 percent of the annual taxes, insurance premiums, and condominium assessments. The terms of the rider contemplated that Bates would secure third-party financing and pay off the balance owed Samios on both loans prior to September 30, 1999. If he did not, then his obligation on the first loan would be extinguished.
 
 
 5
 On November 15, 1994, the Association filed a complaint against Samios, Selmon, and Bates in Illinois state court seeking declaratory relief and possession of the unit. The Association alleged that the rider to the contract between Samios and Bates effectively converted the contract into a five-year lease agreement. It also alleged that Selmon's continued occupancy of the unit as a leasehold tenant violated the Declaration of Condominium Ownership. On May 16, 1995, Samios, Selmon, and Bates filed a counterclaim against the Association in which they alleged that the Association had discriminated against them because of their race in violation of the Fair Housing Act, 42 U.S.C. § 3604, and had intimidated them based upon their assertion of rights under § 3604 in violation of 42 U.S.C. § 3617. They sought injunctive and declaratory relief, unspecified monetary damages, attorney fees, and costs.
 
 
 6
 Three months later, on August 14, Selmon, Samios, Bates, and other plaintiffs filed a lawsuit in the Northern District of Illinois against the Association, its board of directors, and several other persons, both individually and as agents of the Association. Their complaint echoed the state court counterclaim and added additional allegations; in all, they alleged eight counts of unlawful conduct in violation of 42 U.S.C. §§ 1981, 1982, 3604, 3617. On September 28, they moved the district court to stay the federal case pending the outcome of the parallel state court proceeding.
 
 
 7
 That same day, the district court held a hearing on the plaintiffs' motion. Counsel for the defendants requested that the district court dismiss the action. The district court then stated it would dismiss the action without prejudice and offered its reasons for doing so:
 
 
 8
 I am going to dismiss this case without prejudice. If you wish to reinstate it before the statute of limitations runs a year from now, please feel free to so move and then we will know more about what has happened or not happened in DuPage County. It is a waste of judicial resources and it could possibly lead to conflicts between my rulings and the DuPage County Judge's rulings if we proceed in this case. So the case is dismissed without prejudice.
 
 
 9
 Plaintiffs' counsel then referenced case law from this circuit to the effect that "the appropriate action would be to stay and not dismiss." The district court responded as follows:
 
 
 10
 When it is duplicative litigation but where the law that would apply to the case may be determined or should be determined by an Illinois court. But that is a different situation than here where it is just clearly duplicative litigation. So it is not a matter of waiting for the state court to rule so that we see what interpretation of law the state court will give the issue, it is a matter of just duplicative litigation. For that reason I think it is not appropriate for me to proceed in this case, even by way of stay.
 
 
 11
 The district court issued a minute order the next day summarily dismissing the lawsuit without prejudice, and the plaintiffs now appeal.
 
 II
 
 12
 * This case involves the species of abstention that is identified with the Supreme Court's decision in Colorado River, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483. In Colorado River, the Court offered the following overview of abstention generally:
 
 
 13
 Abstention from the exercise of federal jurisdiction is the exception, not the rule.... "Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the State court would clearly serve an important countervailing interest."
 
 
 14
 Id. at 813, 96 S.Ct. at 1244 (quoting County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 188-89, 79 S.Ct. 1060, 1062-63, 3 L.Ed.2d 1163 (1959)). The Court went on to hold that in circumstances involving parallel proceedings in state and federal court, "considerations of [w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," counsel in favor of a district court abdicating its "virtually unflagging obligation" to exercise the jurisdiction given it by Congress. 424 U.S. at 817-19, 96 S.Ct. at 1246-47 (internal quotation marks and citations omitted).
 
 
 15
 The particular issue in this case--whether the district court erred by dismissing rather than staying the federal proceeding--calls into focus an important facet of Colorado River. As a careful reader might observe, Colorado River was not a "pure" abstention case. The district court had dismissed the case in the proceedings below, although after its observation that "the doctrine of abstention required deference" to the parallel state court proceeding. 424 U.S. at 806, 96 S.Ct. at 1241. Indeed, several passages in Colorado River call into question whether the Court intended to carve out yet another basis for abstention qua abstention. For example, while the holding of Colorado River was "that the dismissal cannot be supported under [abstention] doctrine in any of its forms," 424 U.S. at 813, 96 S.Ct. at 1244, the judgment of the Court was to affirm the district court's dismissal of the complaint. Id. at 821, 96 S.Ct. at 1248.
 
 
 16
 Whatever the particulars of its conception, the deference to state court proceedings approved by the Supreme Court in Colorado River has come to be identified as one type of abstention. Several subsequent Supreme Court decisions have blurred whatever doctrinal line may (or should) exist between stays and dismissals in circumstances similar to those present in Colorado River. In Arizona v. San Carlos Apache Tribe of Arizona, 463 U.S. 545, 103 S.Ct. 3201, 77 L.Ed.2d 837 (1983), the Court approved the district court's dismissal of federal proceedings under the theory of deference announced in Colorado River. And in Moses H. Cone Memorial Hosp. v. Mercury Constr. Co., 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), the Court held that the district court abused its discretion in staying the federal proceedings under Colorado River.
 
 
 17
 In both of these cases, the Court seemed to characterize stays and dismissals as essentially fungible options under the reasoning of Colorado River. In Moses H. Cone, for example, the Court dismissed a party's argument that the instant case, which involved a stay, did not implicate Colorado River because that case involved a dismissal. 460 U.S. at 27, 103 S.Ct. at 943. The Court wrote:
 
 
 18
 We have no occasion in this case to decide whether a dismissal or a stay should ordinarily be the preferred course of action when a district court properly finds that Colorado River counsels in favor of deferring to a parallel state-court suit.
 
 
 19
 Id. at 28, 103 S.Ct. at 943 (footnote omitted); see also Apache, 463 U.S. at 570 n. 21, 103 S.Ct. at 3215 n. 21 (noting and reserving the question of which course of action is preferable). By declining to address the finer points of any distinction between those two courses of action, the Court allowed for either option should the Colorado River considerations warrant deference to a state proceeding.
 
 B
 
 20
 This question has not escaped our attention. We have held in a number of decisions, beginning with Evans Transp. Co. v. Scullin Steel Co., 693 F.2d 715, 717-18 (7th Cir.1982), that a stay, not a dismissal, is the appropriate procedural mechanism for a district court to employ in deferring to a parallel state court proceeding under the Colorado River doctrine. See, e.g., Rogers v. Desiderio, 58 F.3d 299, 302 (7th Cir.1995); LaDuke v. Burlington Northern R.R. Co., 879 F.2d 1556, 1561-62 (7th Cir.1989); Rosser v. Chrysler Corp., 864 F.2d 1299, 1308-09 (7th Cir.1988); Lumen Constr., Inc. v. Brant Constr. Co., Inc., 780 F.2d 691, 697-98 (7th Cir.1985);* Board of Ed. of Valley View v. Bosworth, 713 F.2d 1316, 1322 (7th Cir.1983).
 
 
 21
 Our decisions in this area were motivated by the same concern that animated the Supreme Court in Moses H. Cone, namely, that the federal forum remain available to a plaintiff should the state court litigation prove not to be "an adequate vehicle for the complete and prompt resolution of the issues between the parties." 460 U.S. at 28, 103 S.Ct. at 943.
 
 
 22
 Other circuits have reached the same conclusion. See, e.g., Fox v. Maulding, 16 F.3d 1079, 1083 (10th Cir.1994); Attwood v. Mendocino Coast Dist. Hosp., 886 F.2d 241, 243 (9th Cir.1989); Allen v. Louisiana State Bd. of Dentistry, 835 F.2d 100, 105 (5th Cir.1988); Mahaffey v. Bechtel Assocs. Professional Corp., 699 F.2d 545, 546-47 (D.C.Cir.1983). In each of these cases, our colleagues on other circuits evidence a shared concern for the preservation of a federal forum for a plaintiff's claims for relief under federal law.
 
 III
 
 23
 "[T]he decision whether to defer to the state courts is necessarily left to the discretion of the district court in the first instance." Moses H. Cone, 460 U.S. at 19, 103 S.Ct. at 938. The district court, while no doubt having the Colorado River abstention factors in mind when it determined that it should dismiss the case, made limited findings in that regard. This condition of the record would give us some pause if it were not for the fact that it was the plaintiffs that moved for the stay because of the ongoing state court litigation. Thus, for our purposes we may assume that the existence of the Colorado River factors formed the basis for the district court's decision. We now apply the rule of decision we have consistently maintained since Evans.
 
 
 24
 As we mentioned, the district court did not take the course of action requested by the plaintiffs. Rather than stay the federal proceedings pending the outcome of the state court case, the district court dismissed the plaintiffs' case without prejudice. Both cases involve substantially the same claims, although the federal plaintiffs did allege violations of 42 U.S.C. §§ 1981, 1982 in their federal complaint. However, the defendants' conduct giving rise to these causes of action under the Civil Rights Act of 1991 was much the same as the conduct that formed the basis for the plaintiffs' claims for relief under 42 U.S.C. §§ 3604, 3617. The district court stated that because the federal case was "just clearly duplicative," a stay was not appropriate.
 
 
 25
 While the federal and state cases may be duplicative, the plaintiffs have alleged, among other things, violations of the federal civil rights laws. It is of paramount importance that a federal forum remain available for these and the other claims for relief under federal law should the state court for some reason fail to reach the merits of those claims. In these circumstances, which implicate the concerns that compelled our decisions in similar cases, the decision not to stay but to dismiss the federal proceeding constituted an improper exercise of the district court's discretion.
 
 
 26
 The order of dismissal is VACATED. This case is REMANDED to the district court for reinstatement and for the issuance of a stay of the proceedings pending disposition of the Association's case against Samios, Selmon, and Bates in state court.
 
 
 
 *
 The author of our opinion today, it should be noted, was the district judge who erroneously granted the dismissal without prejudice in Lumen. Later, after appointment to this court, that former district judge authored Rosser, which reaffirmed a stay as the appropriate action