129 F.3d 1267
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
David KLEIN, Plaintiff-Appellant,
v.
Judith HUSEBY, Defendant-Appellee.
 No. 97-1078.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 22, 1997.*
Decided Oct. 31, 1997.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division; No. 96 C 6403; Harry D. Leinenweber, Judge.
 Before FLAUM, RIPPLE, and WOOD, Circuit Judges.
 
 ORDER
 
 1
 David Klein appeals the district court order granting Judith Huseby's motion to abstain and dismissing Klein's federal suit in light of a pending parallel state suit. In both suits, Klein alleged that Huseby, Klein's sister, assumed control of and improperly converted their mother's assets following her stroke. Because the record shows that the district court did not abuse its discretion in applying the relevant abstention principles, we affirm the district court's decision to abstain from proceeding in the federal suit. The district court, however, should have stayed, not dismissed, the proceedings pending disposition of the parallel state proceeding, and we therefore vacate the dismissal order.
 
 
 2
 As an initial matter, we address Huseby's motion to strike Klein's appellate brief for failure to comply with Circuit Rule 28(d)(1). We reject Huseby's arguments that Klein's statement of facts is argumentative and improperly includes the "facts" upon which Kleins complaint is based. Klein properly cites to his complaint as the source for these statements and uses "alleged" or "allegedly" to indicate the statements are not accepted facts. The "facts" upon which Klein's complaint is based are relevant on appeal because the district court's abstention was based on the ground that the federal complaint contained allegations similar to Klein's allegations in the state proceeding.
 
 
 3
 Klein argues on appeal that the district court violated due process by failing to afford him an opportunity to respond to Huseby's motion to abstain and motion to dismiss. The district court had set a briefing schedule on the motions giving Klein ample time to file a written response, but Klein simply failed to timely respond. By failing to timely file a response to Huseby's motions or to receive an extension, Klein waived his right to respond to the motions. See United States v. Kasuboski, 834 F.2d 1345, 1351 (7th Cir.1987). The district court properly denied as untimely Klein's motion for extension of time to respond, which was filed after the due date for Klein's response. Contrary to Klein's contention, "[a]n opportunity squandered does not make out a due process claim." Equal Employment Opportunity Comm'n v. Bay Shipbuilding Corp., 668 F.2d 304, 310 (7th Cir.1981).
 
 
 4
 Klein also argues that the district court improperly granted Huseby's motion to abstain and Huseby's motion to dismiss. The district court did not address in its oral ruling the merits of Huseby's motion to dismiss for lack of standing. Instead, the district court only addressed the merits of the motion to abstain, although it incorrectly referred to the motion to abstain as a motion to dismiss. The district court granted Huseby's motion to abstain based on its consideration of the factors set forth in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976).
 
 
 5
 Here, the district court identified the Colorado River factors in its oral ruling, expressly applied the factors to the facts of the case, and concluded that "the factors weigh decisively in favor of abstention." Sverdrup Corp. v. Edwardsville Community Unit Sch. Dist No. 7, 1997 WL 582123, at 4 (7th Cir. Sept. 10, 1997). There is nothing in the record to indicate that the district court abused its discretion in deciding to abstain. Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 19 (1983); Sverdrup Corp., 1997 WL 582123, at 2. A review of the federal complaint and Count III of the state complaint reveals that they contain virtually identical allegations. Both complaints seek to recover Adele's assets that Huseby allegedly converted during Adele's lifetime, even if the state complaint also seeks to recover assets allegedly converted after Adele's death. As the district court found, the state court had assumed jurisdiction over the assets of Adele's estate, the state proceeding was filed first, Klein's claims must be decided under state law, the state proceeding appears to protect Klein's rights, and the federal proceeding had not progressed beyond the filing of the complaint. The district court also determined that Klein's federal action was nothing more than "a thinly-veiled attempt to muck the gears of the state court proceeding."
 
 
 6
 The district court, however, improperly dismissed, rather than stayed, Klein's federal action. The district court based its dismissal on General Railway Signal Co. v. Corcoran, 921 F.2d 700, 710 (7th Cir.1991). General Railway is not applicable because it involved an abstention under Burford v. Sun Oil Co., 319 U.S. 315 (1943), not an abstention under Colorado River. Id. This Court has held consistently "that a stay, not a dismissal, is the appropriate procedural mechanism for a district court to employ in deferring to a parallel state court proceeding under the Colorado River doctrine." Selmon v. Portsmouth Drive Condominium Assoc., 89 F.3d 406, 409 (7th Cir.1996) (citations omitted). A stay is appropriate in a Colorado River abstention because a stay eliminates the risk that the federal action will be time-barred from reinstatement in the event the state proceeding does not result in a final decision on the merits, and a stay permits the same judge to determine the preclusive effects of the state judgment or decisions, if necessary. Lumen Constr., Inc. v. Brant Constr. Co., Inc., 780 F.2d 691, 694-95 (7th Cir.1985).
 
 
 7
 The order of dismissal is VACATED. This case is REMANDED to the district court for reinstatement and for the issuance of a stay of the proceedings pending disposition of the state court proceedings.
 
 
 
 *
 After an examination of the briefs and record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R. App P. 34(a); Cir. R. 34(f)