Officer Michael DWYER, et al., Plaintiffs,

v.

Thomas J. EVOY, et al., Defendants.

No. 98 C 0272.

United States District Court, N.D. Illinois, Eastern Division.

July 23, 1998.

Jonathan I. Loevy, Chicago, IL, for Plaintiffs.

William W. Kurnik, Michelle Jeanette Hirsch, Kurnik, Cipolla, Stephenson & Barasha, Arlington Heights, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is defendants Thomas J. Evoy, Board of Fire and Police Commissioners of The Village of Evergreen Park, and The Village of Evergreen Park's motion for summary judgment. For the reasons that follow, the court (1) denies defendants' motion for summary judgment and (2) temporarily stays this case pursuant to the *Colorado River* doctrine.

### I. BACKGROUND[1]

On June 4, 1997, the Combined Counties Police Association published an article which contained comments made by plaintiffs Officer Michael Dwyer and Sergeant Frederick Kreil. After the article was published, defendant Thomas Evoy, who is the Chief of the Evergreen Park Police Department, informed plaintiffs that he was unhappy with

---

1. The following facts are taken from the parties' Local General Rule 12(M) and 12(N) statements and other submissions.

their comments. On July 14, 1997, Evoy disciplined plaintiffs by suspending them from work.

Plaintiffs appealed the suspensions to defendant Board of Fire and Police Commissioners of The Village of Evergreen Park ("the Board"). The Board conducted a hearing and rendered a decision. Dissatisfied with the Board's decision, plaintiffs sought administrative review of the Board's decision in the Circuit Court of Cook County ("the circuit court"). The complaint for administrative review raised the issue of (1) whether plaintiffs' acts warranted discipline and (2) whether Evoy's motivation violated plaintiffs' constitutional right to free speech.

On May 12, 1998, the circuit court entered final judgment in favor of plaintiffs, holding that the imposition of discipline on plaintiffs was in retaliation for plaintiffs' remarks in the newspaper article. Defendants immediately filed a notice of appeal of the circuit court's decision and a Motion to Stay Enforcement of Judgment Pending Appeal. On May 22, 1998, the circuit court granted defendants' motion and stayed its judgment pending defendants' appeal.

While the suit for administrative review was pending in state court, plaintiffs filed a three-count complaint against Evoy, the Board, and The Village of Evergreen Park in this court. Count I is a claim under 42 U.S.C. § 1983 for violation of plaintiffs' First Amendment rights. Count II is a claim for violation of the Illinois Constitution. Count III is a claim for malicious prosecution. The court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

This matter is currently before the court on defendants' motion for summary judgment. Defendants argue that they are entitled to judgment on plaintiffs' claims because those claims are barred by the doctrine of res judicata.[2]

## II. DISCUSSION

Defendants have moved for summary judgment, arguing that plaintiffs' claims are barred by the doctrine of res judicata. Defendants argue that the circuit court's final judgment bars plaintiffs' claims against defendants in this court because the claims could have, and should have, been brought in state court along with plaintiffs' claim for administrative review.

■ A federal court must give a state-court judgment the same preclusive effect as would be given that judgment under the law of the state in which it was rendered. 28 U.S.C. § 1738; *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). According to Illinois' res judicata rules, "a final judgment rendered on the merits by a court of competent jurisdiction is conclusive as to the rights of the parties and their privies and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand, or cause of action." *Torcasso v. Standard Outdoor Sales, Inc.*, 157 Ill.2d 484, 193 Ill.Dec. 192, 626 N.E.2d 225, 228 (1993). The party asserting res judicata must prove (1) an identity of the parties or their privies in the two suits; (2) an identity of causes of action; and (3) a final judgment on the merits in the first suit. *Pelon v. Wall*, 262 Ill.App.3d 131, 199 Ill.Dec. 546, 634 N.E.2d 385, 388 (1994).

The parties agree that, for all practical purposes, this federal action and the parties' state-court action involve the same parties. The parties disagree as to whether defendants have shown that (1) there is an identity of causes of action and (2) there is a final judgment on the merits in the state-court action.

■ The court first addresses the issue of whether defendants have shown that there is a final judgment in the state-court action. On May 12, 1998, the circuit court entered a final judgment in the parties' state-court action. On that same day, defendants filed a notice of appeal. On May 22, 1998, the circuit court stayed its judgment pending defendants' appeal.

In Illinois, it is unclear whether a pending appeal destroys the preclusive effect of a

---

2. For the sake of clarity, the court notes that it uses the term "res judicata" to refer to claim preclusion and the term "collateral estoppel" to refer to issue preclusion.

judgment. *Rogers v. Desiderio,* 58 F.3d 299, 302 (7th Cir.1995). The majority of states give a decision of the trial court preclusive effect whether or not the losing party has taken an appeal. *Id.* at 301. In the case of *State Life Insurance Co. v. Board of Education,* 401 Ill. 252, 81 N.E.2d 877 (1948), the Supreme Court of Illinois held that it followed this majority rule. *Id.* However, in *Ballweg v. Springfield,* 114 Ill.2d 107, 102 Ill.Dec. 360, 499 N.E.2d 1373 (1986), the Supreme Court of Illinois announced that the filing of an appeal suspends the collateral estoppel effect of a judgment. *Id.* Since *Ballweg,* some Illinois appellate courts have extended *Ballweg* to apply in the context of res judicata. *Id.* (citing *Luckett v. Human Rights Comm'n,* 210 Ill.App.3d 169, 155 Ill. Dec. 6, 569 N.E.2d 6, 10 (1989); *Pelon,* 199 Ill.Dec. 546, 634 N.E.2d at 388). Other Illinois appellate courts have continued to apply *State Life Insurance. Id.* (citing *Illinois Founders Ins. Co. v. Guidish,* 248 Ill.App.3d 116, 187 Ill.Dec. 845, 618 N.E.2d 436, 440 (1993)).

In this case, the court finds that defendants' motion for summary judgment is premature. Defendants have filed a notice of appeal and the circuit court has stayed its judgment pending that appeal. In such a case, the Circuit Court of Cook County most likely would not give the circuit court's May 12, 1998 judgment preclusive effect. Acknowledging as much, defendants argue that the court should nonetheless grant their motion for summary judgment because there *will* be a final judgment, regardless of who wins. (Reply Mem. of Defs. in Supp. of Their Mot. for Summ. J. at 6–8). Defendants' argument, however, is unavailing. It is not impossible that the state court case could break down in a way that would avoid the preclusive effect of the circuit court's judgment. *See Rogers,* 58 F.3d at 302. Accordingly, defendants' motion for summary judgment is denied as premature.[3]

■ There still remains an issue as to what the court should do with this case at this juncture. Defendants and plaintiffs agree that the circuit court's decision will be entitled to some preclusive effect when it becomes final. As mentioned, defendants contend that the circuit court's judgment should be given res judicata effect and, thus, should bar plaintiffs' claims entirely. On the other hand, plaintiffs contend that the circuit court's judgment should be given collateral estoppel effect and, thus, should bar relitigation of the issues of whether Evoy's actions were retaliatory and the disciplinary charges were pretextual. (Pls.' Resp. to Defs.' Mot. for Summ. J. at 3–4, 7–8.)

■ One possibility is to stay the case pursuant to the *Colorado River* doctrine. Under the doctrine set forth in the case of *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), a federal court may stay a suit in exceptional circumstances when there is a concurrent state-court proceeding and the stay would promote "wise judicial administration." *Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc.,* 962 F.2d 698, 700 (7th Cir.1992); *see Selmon v. Portsmouth Drive Condo. Ass'n,* 89 F.3d 406, 409–10 (7th Cir.1996) (explaining that a stay, rather than dismissal, is the appropriate procedural mechanism for a district court to employ when deferring to a parallel state-court action under the *Colorado River* doctrine).

■ In order to determine whether a stay under the *Colorado River* doctrine is appropriate, the court first must determine whether the suits are parallel. *Caminiti,* 962 F.2d at 700. The suits need only be "parallel" and not "identical." *Id.* Two suits are "parallel" when "substantially the same parties are contemporaneously litigating substantially the same issues." *Id.* (citations omitted).

In this case, the parties agree that the federal and state-court actions involve the same parties. The parties also agree that the actions involve substantially similar issues. Accordingly, the court finds that the federal action and state-court action are parallel.

---

3. Because the court finds that defendants have failed to show that there is a final judgment on the merits at this time, the court need not address whether plaintiffs' claims in this case constitute the same cause of action as plaintiffs' claim for administrative review.

Having determined that state and federal actions are parallel, the court now must consider at least ten factors to determine whether a stay is appropriate pursuant to *Colorado River. Id.* at 702. These factors are:

> (1) whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the source of governing law, state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim.

*LaDuke v. Burlington N.R.R.,* 879 F.2d 1556, 1559 (7th Cir.1989). None of the above ten factors is dispositive. *Colorado River,* 424 U.S. at 818, 96 S.Ct. 1236. Rather, the court must determine whether a stay is appropriate by "taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise." *Id.* at 1018–19, 96 S.Ct. 1236. The determination of whether to grant a stay pursuant to *Colorado River* lies within the sound discretion of the district court. *Ericksen v. Village of Willow Springs,* 876 F.Supp. 951, 957 (N.D.Ill.1995).

Several of the above factors weigh heavily in favor of a stay. First, the fact that the state-court judgment will have some type of preclusive effect on the issues or claims in this action weighs heavily in favor of a stay as a stay will allow the court to avoid piecemeal litigation. Second, the fact that the state-court action was filed earlier and has progressed to the appellate level also weighs heavily in favor of a stay.

The remaining factors either do not weigh either for or against a stay or are not significant in this court's analysis. First, the state court has not assumed jurisdiction over any property in this case. Second, both the state and federal forums are equally convenient and the source of governing law is both federal and state. Finally, in this case, removal is not available and the federal complaint is not vexatious or contrived. *See Ruffino v. Sheahan,* 976 F.Supp. 748, 749 (N.D.Ill.1997); *Magett v. Sheahan,* No. 95 C 5397, 1996 WL 153887, at *4–5 (N.D.Ill. Apr.1, 1996).

In *Rogers,* the Seventh Circuit was faced with a situation analogous to the case at bar. In that case, the plaintiffs filed two suits: one in state court and one in federal court. *Rogers,* 58 F.3d at 300. The plaintiffs lost their case in the Illinois circuit court and the defendants appealed. *Id.* The defendants then moved to dismiss the federal case on the grounds of res judicata. The Seventh Circuit examined the law in Illinois and found that it was not clear whether a pending appeal destroys the preclusive effect of a circuit court judgment. *Id.* at 301–02. Citing *Colorado River,* the Seventh Circuit found that the appropriate action was to stay the case pending a decision by the Illinois appellate court and then to proceed as appropriate in light of the final disposition of the state-court action. *Id.* at 302.

In *Wilson v. City of Chicago,* 900 F.Supp. 1015 (N.D.Ill.1995), the court was faced with a situation analogous to the situation in *Rogers* and the case at bar. In that case, the plaintiff argued that the defendants should be collaterally estopped from contesting the factual findings and legal conclusions made by a state administrative agency and affirmed by an Illinois circuit court. *Id.* at 1024–26. Noting that the circuit court's decision had been appealed to the Illinois appellate court, the court found that it was unclear as to whether Illinois courts would give the state-court judgment preclusive effect. *Id.* at 1026. Based on the Seventh Circuit's decision in *Rogers,* the court found that the best course of action was to stay the federal action until the state court had decided the appeal. *Id.*

Like the courts in *Rogers* and *Wilson,* the court finds that the appropriate course of action at this juncture is to stay this case pursuant to the *Colorado River* doctrine. It would be "wise judicial administration" to stay the federal action and allow the Illinois appellate court to render its judgment in the

earlier-filed state-court action. As the Seventh Circuit stated:

> A federal judge confronted with duplicative litigation need not forge ahead on the off-chance of beating the state court to a conclusion. It is sensible to stay proceedings until an earlier-filed state case has reached a conclusion, and then (but only then) to dismiss the suit outright on grounds of claim preclusion.

*Rogers,* 58 F.3d at 302.

Defendants argue that a stay is not appropriate in this action because plaintiffs have not requested one. The court disagrees. It is the court's role to determine what constitutes "wise judicial administration." Further, the court must ensure that a federal forum remains available to plaintiffs should the state court for some reason fail to render a final judgment in the state-court action. *Selmon,* 89 F.3d at 410.

### III. *CONCLUSION*

For the foregoing reasons, the court denies defendants Thomas J. Evoy, Board of Fire and Police Commissioners of The Village of Evergreen Park, and The Village of Evergreen Park's motion for summary judgment as premature. Pursuant to the *Colorado River* doctrine and the case of *Rogers v. Desiderio,* 58 F.3d 299 (7th Cir.1995), the court finds that the appropriate action to take in this case at this juncture is to stay the case pending a decision by the Illinois appellate court and then to proceed as appropriate in light of the final disposition of the state-court action. Accordingly, this case is temporarily stayed. The parties are to inform the court once the Illinois appellate court has rendered its decision.